THOMPSON *v.* SCHOOL DISTRICT NO. 1 OF MOORLAND
TOWNSHIP.

1. SCHOOLS AND SCHOOL DISTRICTS—INTEREST OF OFFICER IN CONTRACT WITH DISTRICT.

Provisions of Act No. 319, Pub. Acts 1927, prohibiting any member of school board from making contract, in which he is directly or indirectly interested, with school board, has no application where interest of member is remote.

2. SAME—HUSBAND HAS NO INTEREST IN WIFE'S CONTRACT AS TEACHER.

Husband signing wife's contract as teacher in district of which he is officer has no such interest therein as to render contract void under Act No. 319, Pub. Acts 1927; wife being entitled to her own earnings under 3 Comp. Laws 1915, § 11478.

3. SAME—CONTRACTS—PUBLIC POLICY.

Contract with wife as teacher in school district of which husband is officer is not against public policy.

Appeal from Muskegon; Vanderwerp (John), J. Submitted October 22, 1930. (Docket No. 127, Calendar No. 35,278.) Decided December 2, 1930.

Bill by Levi Thompson, for the benefit of the treasurer of School District No. 1, Moorland township, Muskegon county, against the District Board of School District No. 1 of Moorland township, Muskegon county, and others to enjoin defendants from entering into a teacher's contract and for an accounting. From decree dismissing the bill, plaintiff appeals. Affirmed.

*Willard J. Turner,* for plaintiff.

*Balgooyen & Cook,* for defendants.

Noɴᴛʜ, J. By his bill of complaint plaintiff asks the court to enjoin the officers of school district No. 1, Moorland township, Muskegon county, from entering into a teacher's contract with Mrs. Jane Spoelman. Plaintiff alleges that such a contract would be against public policy and void because Jane Spoelman is the wife of Jake Spoelman who is one of the officers of this school district. Plaintiff also urges that because of the marriage relation such a contract executed by Mr. Spoelman in behalf of the district would violate the following provision of the general school law:

"It shall be illegal for any member of the board of education or district board to perform any labor except as provided in this act, or furnish any material or supplies for the school district in which he is an officer, or to be personally interested in any way whatever, directly or indirectly, in any contract with the district in which he holds office. Any act herein prohibited, if performed by any such school officer, shall be deemed a misdemeanor and he shall be liable to the punishment provided for in this chapter." Act No. 319, Pub. Acts 1927, pt. 2, chap. 36, § 9.

In passing upon the question presented, we should be mindful of section 11478, 3 Comp. Laws 1915, which provides:

"Each and every married woman in the State of Michigan shall be absolutely entitled to have, hold, own, retain and enjoy any and all earnings acquired by any such married woman as the result of her personal efforts; and to sell or otherwise dispose of any and all such earnings and to make contracts in relation thereto to the same extent that any such married woman could have or do if unmarried."

The director of the school district, believing that under the circumstances a valid contract could not

be made with Mrs. Spoelman, refused to be a party thereto.   If Mr. Spoelman was legally disqualified from acting in behalf of the district, the contract with Mrs. Spoelman was invalid, since the statute requires two of the three members of the school board to sign a teacher's contract.   Act No. 319, Pub. Acts 1927, pt. 1, chap. 2, § 20, and pt. 2, chap. 3, § 22.

Notwithstanding the provision of the school law broadly provides that a school officer shall not "be personally interested in any way whatever, directly or indirectly" in the contract with the district, we think it is not applicable to the case here presented. Under section 11478, above quoted, Mr. Spoelman clearly has no financial interest in this contract. Any wages which may be paid Mrs. Spoelman as a teacher will be her individual property the same as though she were an entire stranger to Mr. Spoelman.   The statute does not apply to one having only a remote interest which a school officer might have under many and varied circumstances.   For example, he might be very much interested in having his neighbor's son or daughter employed as a teacher, but it would not seriously be contended that this disqualified the officer from contracting in behalf of his district.   The same would be true if the teacher was an adult son or daughter of the school officer.   The question here involved in principle at least is passed upon in *Lewick* v. *Glazier,* 116 Mich. 493.   A case involving the exact question and identical facts under statutory provisions more stringent than those of this State was brought before the Ohio courts, and it was there held that the wife of an officer of the school district could be legally employed as a teacher in such district.   *Board of Education* v. *Boal,* 104 Ohio St. 482 (135 N. E. 540).

We do not overlook the fact that the purpose of the provision of the school law under consideration is expressed in broad terms. The words "directly or indirectly" were obviously used in this statute to make it broad enough to prevent an officer who might be so disposed from circumventing and defeating this provision of the law. The most common violations are those incident to contracts with corporations in which the school officer is a shareholder or with partnerships in which he is a member. In such instances there is clearly an "indirect" interest. Cases of this character are reported in *Consolidated Coal Co.* v. *Board of Trustees,* 164 Mich. 235, and *Ferle* v. *Lansing,* 189 Mich. 501 (L. R. A. 1917C, 1096). These decisions are not applicable to the case at bar. We are of the opinion that the instant contract should not be held to be in violation of the quoted provision of the school law, nor do we know of any good reason why it should be held to be contrary to public policy. This contract is not of such a nature that it cannot be fulfilled without reaching beyond the parties and working or tending to work an injury to the community at large, hence it is not contrary to public policy. The decree entered in the court below is affirmed, with costs to appellees.

Wiest, C. J., and Butzel, Clark, McDonald, Potter, Sharpe, and Fead, JJ., concurred.