BELL v LEAGUE LIFE INSURANCE COMPANY

Docket No. 77840. Submitted November 6, 1985, at Lansing.—Decided
    January 15, 1986. Leave to appeal denied, 425 Mich 869.
    Robert D. Bell and others, individually and as members of a class,
        brought an action against League Life Insurance Company in
        the Genesee Circuit Court to strike certain provisions contained
        in policies issued to plaintiffs by defendant because they vio-
        lated the Uniform Trade Practices Act. Defendant moved for
        summary judgment on the ground that the act did not create a
        private cause of action. The court, Harry B. McAra, J., denied
        the motion. Defendant appealed by leave granted. *Held:*
        There is no private cause of action for the enforcement of the
    Uniform Trade Practices Act.
        Reversed.

1. ACTIONS — STATUTES — REMEDIES.
    The remedy provided by a statute for enforcement of a right or
    for nonperformance of a duty is exclusive where the statute
    creates a new right or imposes a new duty.

2. INSURANCE — UNIFORM TRADE PRACTICES ACT.
    There is no private cause of action for the enforcement of the
    Uniform Trade Practices Act (MCL 500.2001 *et seq.;* MSA
    24.12001 *et seq.).*

*Sommers, Schwartz, Silver & Schwartz, P.C.* (by
*David L. Nelson, Stanley S. Schwartz, James J.
Vlasic* and *Marc A. Goldman),* for plaintiffs.

*Dykema, Gossett, Spencer, Goodnow & Trigg* (by
*Brian Sullivan* and *Terrence E. Haggerty), Zweig,
Harkness & Kaser, P.C.* (by *Robert H. Harkness),*
and *O'Neill, Ackerman, Wallace, Doyle & Jones,
P.C.* (by *Terrence J. O'Neill),* for defendant.

REFERENCES
Am Jur 2d, Insurance §§ 1883-1885.
See the annotations in the ALR3d/4th Quick Index under Insur-
    ance; Trade Marks, Trade Names, and Unfair Trade Practices.

Before: WALSH, P.J., and MACKENZIE and R. R. FERGUSON,* JJ.

PER CURIAM. This case confronts us with the question whether the Uniform Trade Practices Act (UTPA), MCL 500.2001-500.2050; MSA 24.12001-24.12050, which is Chapter 20 of the Insurance Code of 1956, creates a private cause of action on behalf of insureds for enforcement of its provisions. We granted defendant leave to appeal from the circuit court's denial of defendant's motion for summary judgment, GCR 1963, 117.2(1). The circuit court determined that the statute implied a private cause of action. We reverse.

Plaintiffs represent a class of credit union members who, along with their spouses, purchased certificates of life insurance from defendant. Plaintiffs claim that certain provisions of the policies violate the unfair discrimination provision of the UTPA, MCL 500.2019; MSA 24.12019, and, consequently, should be stricken from the policy. Defendant claims that the UTPA does not create a private cause of action maintainable by the plaintiffs, and that their action should be dismissed.

The general rule of law in Michigan is that where a new right is created or a new duty imposed by statute, the remedy provided by the statute for enforcement of the right or for nonperformance of the duty is exclusive, *Pompey v General Motors Corp,* 385 Mich 537, 552; 189 NW2d 243 (1971), unless the remedy is plainly inadequate, *id.,* p 552, fn 14. At common law there was no right to relief from unfair discrimination in insurance transactions. The right to such relief was created by the UTPA. Plaintiffs have no private cause of action for enforcement of the right, therefore, unless a private cause of action was

---

* Circuit judge, sitting on the Court of Appeals by assignment.

expressly created by the act or can be inferred from the fact that the act provides no adequate means of enforcement of its provisions.

There is no dispute that the UTPA does not expressly create a private cause of action. We must review the statute, therefore, to determine whether it provides adequate means of enforcing the rights it creates.

The purpose of the Uniform Trade Practices Act is to regulate trade practices in the insurance business by defining practices which constitute unfair methods of competition or unfair or deceptive acts or practices, and by prohibiting such trade practices. MCL 500.2002; MSA 24.12002. Section 2019 defines unfair practices in life insurance as:

"Making or permitting any unfair discrimination between individuals of the same class and equal expectation of life in the rates charged for any contract of life insurance or of life annuity or in the dividends or other benefits payable thereon, or in any other of the terms and conditions of such contract."

The act empowers the insurance commissioner to examine and investigate into the affairs of persons who may be engaged in any unfair method of competition or in any unfair or deceptive act or practice prohibited by the act. MCL 500.2028; MSA 24.12028. The commissioner may hold hearings, which the act describes in detail, MCL 500.2029-500.2034; MSA 24.12029-24.12034, and may issue cease and desist orders, which may include payment of a monetary penalty, suspension or revocation of the person's license, and refund of any overcharges. MCL 500.2040; MSA 24.12040. Any order or decision of the commissioner under the act may be appealed to the circuit court. MCL 500.2041; MSA 24.12041. The act also permits

intervenors to appear at hearings on the complaint. MCL 500.2030(2); MSA 24.12030(2).

Moreover, the Insurance Code also specifies that every penalty in the code not otherwise provided for shall be sued for and recovered in the name of the people by the county prosecutor, or by the Attorney General. MCL 500.230; MSA 24.1230. In *Dasen v Frankenmuth Mutual Ins Co,* 39 Mich App 582; 197 NW2d 835 (1972), we held that this provision precluded a court from imposing a penalty on an insurance company for failure to comply with the statute in a suit by a private party.

In *Ohlsen v DST Industries, Inc,* 111 Mich App 580; 314 NW2d 699 (1981), this Court held that, because the Michigan Occupational Safety and Health Act created new rights, the remedies provided in the statute were exclusive, and in *Covell v Spengler,* 141 Mich App 76; 366 NW2d 76 (1985), we reached the same conclusion as to the Whistleblowers' Protection Act.

In *Barker v Underwriters at Lloyd's London,* 564 F Supp 352 (ED Mich, 1983), the federal district court held that plaintiffs could assert a private cause of action to recover the interest penalty in § 2006 of the act. But the court declared that, in the absence of any authority supporting the maintenance of a private cause of action founded upon any other section of the act, enforcement of the act was governed by MCL 500.230; MSA 24.1230, and a plaintiff could not assert a private cause of action based on other alleged violations. 564 F Supp 355. This Court recently clarified *Barker,* emphasizing that, while a private party may directly recover the interest penalty in an action against the insurer, there is no implied private cause of action in tort for violation of § 2006. *Young v Michigan Mutual Ins Co,* 139 Mich App 600, 605; 362 NW2d 844 (1984).

We conclude that the UTPA provides a comprehensive scheme of enforcement of the rights and duties it creates, that that scheme of enforcement is exclusive, and that plaintiffs have no private cause of action arising from the provisions of the act.

Plaintiffs' argument that mandatory provisions of the Insurance Code must be read into insurance contracts is inconclusive. While the Insurance Code does specify mandatory provisions for life insurance policies, MCL 500.4430-500.4442; MSA 24.14430-24.14442, nothing in the UTPA indicates mandatory inclusion of any of its provisions.

After this Court granted leave to appeal, plaintiffs sought to amend their complaint to include a cause of action under the Michigan Consumer Protection Act, MCL 445.901 *et seq.;* MSA 19.418(1) *et seq.* The amendment would have been ineffective. The Consumer Protection Act specifically states that it does not apply to "[a] transaction or conduct specifically authorized under laws administered by a regulatory board or officer acting under statutory authority of this state * * *". MCL 445.904(1)(a); MSA 19.418(4)(1)(a). An insurance company is under the authority of the Insurance Commissioner and the extensive statutory and regulatory scheme of the Insurance Code of 1956, all administered "by a regulatory board or officer acting under statutory authority of this state". *Kekel v Allstate Ins Co,* 144 Mich App 379; 375 NW2d 455 (1985). In *Kekel* we ruled that plaintiffs did not have a cause of action against their insurance company under the Michigan Consumer Protection Act. Plaintiffs in this case likewise cannot rely on that act to seek relief from defendant.

Plaintiffs in this case are not left without a

remedy. They may proceed with their breach of contract claim. They may also complain to the Insurance Commissioner under the UTPA. But they do not have a private cause of action under that act.

Reversed.