FORSTER v DELTON SCHOOL DISTRICT

Docket No. 103717. Submitted December 12, 1988, at Grand Rapids. Decided April 18, 1989.

Sylvia W. Forster filed a complaint against the Delton School District in the Barry Circuit Court, alleging violations of the Open Meetings Act (Count I), the campaign financing act (Count II), the Freedom of Information Act (Count III), the political activities of public employees act (Count IV), and the standards of conduct for public officers and employees act (Count V). The trial court, Hudson E. Deming, J., granted summary disposition in favor of defendant on Counts II, IV, and V, ruling that plaintiff failed to state a claim upon which relief can be granted with respect to these counts. Plaintiff and defendant consented to a judgment with regard to Counts I and III. Plaintiff appealed from the grant of summary disposition in favor of defendant on Counts II, IV, and V.

The Court of Appeals *held*:

1. There is no private cause of action for the enforcement of the campaign financing act. The remedies provided in the act are the exclusive means by which the act may be enforced.

2. There is no private cause of action for the enforcement of the political activities of public employees act. The remedies provided in the act are adequate and exclusive.

3. The trial court did not err in ruling that § 2(7) of the standards of conduct for public officers and employees act was not violated where an employee of defendant participated in negotiating a contract with school district teachers, one of whom was the employee's spouse. Section 2(7), in part, bars a public employee from participating in the negotiation or execution of contracts relating to a business entity in which the public employee has a financial or personal interest. The trial court correctly determined that a spouse is not a business entity for purposes of § 2(7).

Affirmed.

REFERENCES

Am Jur 2d, Elections §§ 289, 290, 381, 387; Statutes §§ 194 *et seq.*, 430-438.

Validity of statutes restricting political activities of public officers or employees. 28 ALR3d 717.

1. ACTIONS — STATUTES — REMEDIES.

Where a new right is created or a new duty is imposed by a statute, the remedy provided by the statute for enforcement of the right or for nonperformance of the duty is exclusive unless the remedy is plainly inadequate.

2. ELECTIONS — CAMPAIGN FINANCING ACT.

There is no private cause of action for the enforcement of the campaign financing act (MCL 169.201 *et seq.*; MSA 4.1703[1] *et seq.*).

3. CIVIL SERVICE — POLITICAL ACTIVITIES OF PUBLIC EMPLOYEES ACT.

There is no private cause of action for the enforcement of the political activities of public employees act (MCL 15.401 *et seq.*; MSA 4.1702[1] *et seq.*).

4. STATUTES — JUDICIAL CONSTRUCTION.

A cardinal rule of statutory construction is that courts may not speculate as to the probable intent of the Legislature beyond the words employed in a statute, and when the language of a statute is clear and unambiguous, the statute must be applied and not interpreted.

*Ed Annen, Jr.,* for plaintiff.

*Oosterbaan, York & Cooper* (by *Gary R. Peterson*), for defendant.

Before: MAHER, P.J., and HOLBROOK, JR., and R. E. NOBLE,* JJ.

PER CURIAM. Plaintiff filed a five-count complaint against defendant alleging violations of the following statutes: (Count I) Open Meetings Act, MCL 15.261 *et seq.*; MSA 4.1800(11) *et seq.*; (Count II) campaign financing act, MCL 169.201 *et seq.*; MSA 4.1703(1) *et seq.*; (Count III) Freedom of Information Act, MCL 15.231 *et seq.*; MSA 4.1801(1) *et seq.*; (Count IV) political activities of public employees act, MCL 15.401 *et seq.*; MSA 4.1702(1) *et seq.*; and (Count V) standards of conduct for public officers and employees act, MCL 15.341 *et seq.*;

* Circuit judge, sitting on the Court of Appeals by assignment.

MSA 4.1700(71) *et seq.* Defendant moved for, and was granted, summary disposition on Counts II, IV, and V of plaintiff's complaint pursuant to MCR 2.116(C)(8). Plaintiff and defendant then entered into a consent judgment as to Counts I and III. Plaintiff appeals from the final judgment in favor of defendant as to the claims set forth in Counts II, IV, and V of her complaint.

Plaintiff claims that the trial court erred in determining that plaintiff could not maintain a private cause of action against defendant for alleged violation of the campaign financing act and the political activities of public employees act, Counts II and IV respectively. We disagree.

In Count II of her complaint, plaintiff alleges that defendant violated certain provisions of the campaign finance act by expending funds for a school newsletter which allegedly advocated a particular vote on a ballot question, by failing to legally establish a "ballot question committee," by failing to file campaign financing statements, and by failing to print required campaign financing information on its printed materials. These duties, imposed by the campaign financing act and which plaintiff claims were violated by defendant, are new in that there were no such duties or obligations under the common law. Plaintiff argues that the campaign financing act is a remedial statute which should be given liberal construction and that, because none of the provisions in the act use the words "exclusive remedy," the Legislature must have intended a private right of action.

The general rule of law in Michigan is that, where a new right is created or a new duty is imposed by a statute, the remedy provided by the statute for enforcement of the right or for nonperformance of the duty is exclusive unless the remedy is plainly inadequate. *Lamphere Schools v*

*Lamphere Federation of Teachers,* 400 Mich 104, 126-127; 252 NW2d 818 (1977); *Bell v League Life Ins Co,* 149 Mich App 481, 482-483; 387 NW2d 154 (1986), lv den 425 Mich 870 (1986). Therefore, a private cause of action must be dismissed under a statute creating a new right or imposing a new duty unless the private cause of action was expressly created by the act or inferred from the fact that the act provides no adequate means of enforcement of its provisions. *Bell, supra,* pp 482-483.

The campaign financing act does not allow for enforcement by private individuals. MCL 169.215; MSA 4.1703(15) provides an express remedy to enforce the duties imposed under the campaign financing act. The campaign financing act also provides for criminal penalties for knowing violation of the act, and enforcement for such knowing violation may be prosecuted by the Attorney General or local prosecuting attorneys.

Because the campaign financing act creates new rights and imposes new duties, the remedies provided in the act are the exclusive means by which the act may be enforced. Since the act provides an adequate remedy to enforce its provisions, no private right of action can be inferred. Therefore, plaintiff's claims under the campaign financing act set forth in Count II of her complaint were properly dismissed by the circuit court.

In Count IV of her complaint, plaintiff alleges that defendant's employees violated § 4 of the political activities of public employees act, MCL 15.404; MSA 4.1702(4).

The political activities of public employees act grants employees of the state classified civil service and employees of political subdivisions of the state the right to be members of political parties, to be delegates to political conventions, to become candidates for office, and to engage in other politi-

cal activities on behalf of a candidate or issue, etc. MCL 15.402; MSA 4.1702(2) and MCL 15.403; MSA 4.1702(3). However, this act puts some restrictions on this political freedom. MCL 15.404; MSA 4.1702(4) provides as follows:

The activities permitted by sections 2 and 3 shall not be actively engaged in by a public employee during those hours when that person is being compensated for the performance of that person's duties as a public employee.

Plaintiff claims that defendant violated the above provision on several occasions, and plaintiff sued to enforce the provisions of the act. Plaintiff contends that a private lawsuit is the only means of protecting the public from unlawful political campaigning by public employees during the periods of time for which they are being compensated. We agree with the circuit court that plaintiff's contention is without merit.

In order to determine if a private right of action exists to enforce revisions of this act, the analysis is the same as that used for the campaign financing act. The political activities of public employees act definitely creates new rights and imposes new duties not formally recognized by the common law. Upon a reading of the act, we find no provision expressly granting a private cause of action. Hence, plaintiff must show that a private cause of action is inferred from the fact that the act provides no adequate means of enforcement.

The Legislature expressly provided a means of enforcing the duties imposed by the act in MCL 15.406(3) and (4); MSA 4.1702(6)(3) and (4). Nothing in plaintiff's argument shows any inadequacy in the remedy. Therefore, the express remedy is exclusive, and the trial court was correct in dismiss-

ing Count IV of plaintiff's complaint to enforce the provisions of this act.

In Count V of her complaint, plaintiff alleges that one of defendant's employees violated the following provision of the standards of conduct for public officers and employees act:

> Except as provided in Section 2a, a public officer or employee shall not participate in the negotiation or execution of contracts, making of loans, granting of subsidies, fixing of rates, issuance of permits or certificates, or other regulation or supervision *relating to a business entity* in which the public officer or employee has a financial or personal interest. [Emphasis added. MCL 15.342(7); MSA 4.1700(72)(7).]

Plaintiff contends the above provision was violated where a school district officer acted on behalf of the school district, along with other employees, in negotiating a contract with teachers, and the school district officer's wife is a teacher in that school district who will be affected by the terms of the contract. Plaintiff's contention is, in essence, that a spouse constitutes a "business entity" within the meeting of MCL 15.342(7); MSA 4.1700(72)(7). The circuit court found that a spouse does not constitute a "business entity" within the meaning of the above statute and dismissed Count V of plaintiff's complaint.

A cardinal rule of statutory construction is that courts may not speculate as to the probable intent of the Legislature beyond the words employed in the statute, and when the language of a statute is clear and unambiguous, the statute must be applied and not interpreted. *Pi-Con, Inc v A J Anderson Construction Co,* 169 Mich App 389, 395; 425 NW2d 563 (1988). Words should generally be given their plain and ordinary meaning. *Bailey v DAIIE,*

143 Mich App 223, 225; 371 NW2d 917 (1985), lv den 424 Mich 867 (1986).

We believe that to include one's spouse within the definition of "business entity" is a distortion of the clear and unambiguous legislative statement and intent. See *Thompson v School District No 1 of Mooreland Twp,* 252 Mich 629; 233 NW 439 (1930). If the Legislature intended to preclude a public officer or employee from participating in contract negotiations under which their spouse might be one of the several beneficiaries, it could have expressly provided for such a situation by inserting the word "spouse" in the statute.

We find that the trial court's dismissal of Count v of plaintiff's complaint was proper.

Affirmed.