## MINO v McCARTHY

Docket No. 145508. Submitted September 13, 1994, at Detroit. Decided March 7, 1995, at 9:40 A.M.

Orville E. Mino brought a legal malpractice action in the Oakland Circuit Court against Michael J. McCarthy more than two years after the defendant last represented the plaintiff at the sentencing hearing that followed the plaintiff's conviction on felony and habitual offender charges. The plaintiff received a sentence of imprisonment and spent time in the county jail while awaiting transportation to a state prison. The court, Deborah G. Tyner, J., granted summary disposition for the defendant, ruling that the plaintiff's incarceration in the county jail when his claim of malpractice accrued was not a disability that could toll the two-year period of limitation that applies to actions for legal malpractice. The plaintiff appealed.

The Court of Appeals *held:*

When the Legislature enacted MCL 600.5851(3); MSA 27A.5851(3), which provides in part that imprisonment must exist at the time a claim accrues in order for the imprisonment to be considered a disability that warrants extending a period of limitation, it did not intend to include incarceration at a county facility. Accordingly, only imprisonment in a state prison can constitute a disability for purposes of statutes of limitation.

Affirmed.

LIMITATION OF ACTIONS — STATUTES OF LIMITATION — DISABILITIES — IMPRISONMENT.

Imprisonment as a disability that may extend a period of limitation is limited to incarceration in a state penitentiary; detention in a county jail is not imprisonment for purposes of statutes of limitation (MCL 600.5851[3]; MSA 27A.5851[3]).

## Orville E. Mino, in propria persona.

REFERENCES

Am Jur 2d, Limitation of Actions § 192.

Imprisonment of party to civil action as tolling statute of limitations. 77 ALR3d 735.

*Michael J. McCarthy,* for the defendant.

Before: MICHAEL J. KELLY, P.J., and BRENNAN and J. A. FULLERTON,* JJ.

PER CURIAM. This appeal arises out of a legal malpractice action. Plaintiff Orville Mino appeals as of right from an order granting defendant Michael McCarthy's motion for summary disposition. We affirm.

Defendant represented plaintiff in a criminal matter that resulted in plaintiff pleading guilty of first-degree criminal sexual conduct, MCL 750.520b; MSA 28.788(2), and of being an habitual offender, third offense, MCL 769.11; MSA 28.1083. Plaintiff received a sentence of seventeen to fifty years' imprisonment. Plaintiff pleaded guilty of the offenses on February 8, 1988, and was sentenced on March 1, 1988.

Shortly after sentencing, on September 6, 1988, plaintiff's newly appointed appellate counsel filed a motion for withdrawal of the guilty plea or resentencing. Along with this motion, plaintiff signed an affidavit stating that he pleaded guilty because his attorney told him he would receive a sentence of five to eight years' imprisonment and that he was not mentally competent when he pleaded guilty because of his medical condition of diabetes. On May 15, 1989, Oakland Circuit Judge Richard D. Kuhn denied plaintiff's motion. On June 22, 1990, this Court affirmed the judgment of the trial court in an unpublished opinion per curiam. This Court found that there ,was no merit to plaintiff's claims. The Michigan Supreme Court denied leave on April 29, 1991.

On May 17, 1991, plaintiff filed the instant case. He claimed malpractice by defendant. Defendant

* Circuit judge, sitting on the Court of Appeals by assignment.

moved for summary disposition based on the statute of limitations and collateral estoppel. Plaintiff filed a motion for summary disposition claiming that defendant had failed to present a valid defense. On October 4, 1991, the trial court entered an opinion and order granting defendant's motion for summary . disposition, finding that plaintiff's claim was barred by the statute of limitations. The trial court found that the complaint should have been filed no later than March 11, 1990.

On appeal, plaintiff's sole claim is that the trial court erred in finding that the statute of limitations barred him from filing his complaint. Plaintiff argues that a person's incarceration in a county jail following sentencing and before being transferred to a state prison constitutes imprisonment for purposes of the statute of limitations. We disagree.

MCL 600.5851(3); MSA 27A.5851(3) states:

> To be considered a disability, the infancy, insanity, or imprisonment must exist at the time the claim accrues. If the disability comes into existence after the claim has accrued, a court shall not recognize the disability under this section for the purpose of modifying the period of limitations.

The primary goal of statutory construction is to give effect to the Legislature's intent. *Joy Management Co v Detroit,* 176 Mich App 722, 730; 440 NW2d 654 (1989). Where a statute is clear and unambiguous, judicial construction or interpretation is precluded. *Lorencz v Ford Motor Co,* 439 Mich 370, 376; 483 NW2d 844 (1992); *Glazer v Lamkin,* 201 Mich App 432, 435-436; 506 NW2d 570 (1993). If judicial construction or interpreta-

tion is necessary, the court must ascertain and give effect to the intent of the Legislature, assigning words their ordinary, normally accepted meanings. *Glazer, supra* at 436. In determining legislative intent, courts should give statutory language a reasonable construction that best accomplishes the purpose of the statute. *Id.*

In *Evans v Hebert,* 203 Mich App 392; 513 NW2d 164 (1994), this Court thoroughly reviewed the law regarding the statutory provision at issue in this case and determined that pretrial detention does not constitute imprisonment for purposes of MCL 600.5851; MSA 27A.5851. *Evans* at 403. This Court expressly held that nothing in the legislative history indicated that the Legislature intended to enlarge the scope of the disabilities that extend statutes of limitation to include persons incarcerated in a county facility. *Id.*

Applying the reasoning in *Evans* to the instant case, we conclude that the trial court did not err in determining that plaintiff was not "imprisoned" for purposes of the statute at the time the claim accrued. A cause of action for legal malpractice accrues on the last day of the attorney's representation of the client. *Gebhardt v O'Rourke,* 444 Mich 535, 554; 510 NW2d 900 (1994). Plaintiff's cause of action, therefore, accrued on March 1, 1988, the day on which he was sentenced. Because he was not in a state facility at the time the claim accrued, he was not disabled for purposes of the statute and, consequently, his suit filed on May 17, 1991, was clearly barred by the two-year statute of limitations. MCL 600.5838; MSA 27A.5838. Accordingly, we hold that the trial court did not err in granting defendant's motion for summary disposition.

Affirmed.