INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS,
LOCAL UNION NO 58 v McNULTY

Docket No. 157354. Submitted June 7, 1995, at Detroit. Decided
    November 28, 1995, at 9:15 A.M.

International Brotherhood of Electrical Workers, Local Union No.
    58, and Raleigh S. Cornwall brought an action in the Oakland
    Circuit Court against John E. McNulty and McNulty Electric,
    Inc., alleging that the defendants, by failing to abide with the
    prevailing wage act, MCL 408.555 et seq.; MSA 17.256(1) et seq.,
    at a construction project at the Rochester high schools, were
    able to underbid other contractors and, thereby, were awarded
    the contract. Cornwall, an employee of the defendant company
    who allegedly worked on the Rochester schools project, previ-
    ously had filed a complaint pursuant to the prevailing wage act
    with the Bureau of Employment Standards of the Michigan
    Department of Labor with respect to his employment on the
    Rochester schools project. Following an investigation, including
    an audit of the defendants' books, the Department of Labor
    ordered the defendants to pay Cornwall the difference between
    the amount paid to him and the amount that should have been
    paid had there been compliance with the prevailing wage act.
    The defendants contested the results of the audit and refused to
    pay Cornwall in accordance with the department's determina-
    tion. Plaintiff union, a labor organization consisting of workers
    who allegedly were denied employment opportunities because
    of the defendants' wrongful acts, and Cornwall brought a two-
    count complaint. In the first count, the plaintiffs alleged dam-
    ages arising out of the defendants' violation of the prevailing
    wage act. In the second count, the union alleged fraudulent
    misrepresentation. The trial court, David F. Breck, J., granted
    summary disposition for the defendants pursuant to MCR
    2.116(C)(8) with respect to Cornwall's claim, finding that there
    is no private right of action under the prevailing wage act, and
    granted summary disposition for the defendants pursuant to
    MCR 2.116(C)(10) with respect to the union's claims, holding

REFERENCES

Am Jur 2d, Public Works and Contracts §§ 204, 206, 210, 214.
See ALR Index under Public Works and Contracts.

that the union had not presented any evidence that the defendants violated the prevailing wage act. The plaintiffs appealed.

The Court of Appeals *held:*

1. A motion for summary disposition pursuant to MCR 2.116(C)(10) may be granted where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. The defendants neither identified the issues for which they claim there is no factual dispute nor submitted documentary evidence that established the nonexistence of material facts. Because there are several specific issues of material fact in dispute, the trial court erred in granting summary disposition for the defendants with respect to the union's claim for damages.

2. Because the prevailing wage act is in derogation of the common law and contains penal provisions, it must be construed strictly. The act contains no express provision for a private cause of action, and the Legislature specifically rejected an amendment that would have allowed a private cause of action. The statutory remedies, while not as comprehensive as some might desire, are adequate and were intended by the Legislature to be exclusive. Accordingly, the trial court properly granted summary disposition for the defendants with respect to Cornwall's claim on the basis that there is no private cause of action to enforce the provisions of the prevailing wage act.

3. Because the union's fraud claim alleged only misrepresentations made to a third party, the trial court properly dismissed the union's fraud claim.

4. The trial court did not abuse its discretion in refusing to allow the plaintiffs to amend their pleadings, inasmuch as the plaintiffs indicated neither below nor on appeal how they would amend the complaint if afforded the opportunity to do so.

5. The question whether the trial court erred in denying the defendants' motion for summary disposition with respect to the union pursuant to MCR 2.116(C)(8) is not properly before the Court of Appeals, no cross appeal having been filed by the defendants.

Affirmed in part, reversed in part, and remanded.

L.M. GLAZER, J., concurring in part and dissenting in part, stated that, where an employer prevents employees from timely reporting a violation, employees have a private cause of action, and that, accordingly, it was error to grant summary disposition for the defendants with respect to Cornwall's claim for his lost wages.

ACTIONS — PREVAILING WAGE ACT — PRIVATE CLAIMS.
There is no private right of action to recover lost wages under the
prevailing wage act (MCL 408.555 *et seq.*; MSA 17.256[1] *et
seq.*).

*Miller, Cohen, Martens, Ice & Greary, P.C.* (by
*Christopher P. Legghio* and *Ronald C. Engler*), for
the plaintiffs.

*Honigman Miller Schwartz & Cohn* (by *Frank T.
Marnat* and *Norman D. Hawkins*), for the defendants.

Before: CAVANAGH, P.J., and MARKMAN and
L. M. GLAZER,* JJ.

CAVANAGH, P.J. Plaintiffs appeal as of right the
trial court's grant of defendants' motion for summary disposition pursuant to MCR 2.116(C)(8) with
respect to plaintiff Cornwall and pursuant to MCR
2.116(C)(10) with respect to plaintiff International
Brotherhood of Electrical Workers. We affirm in
part, reverse in part, and remand.

In 1986, the Rochester Board of Education advertised for competitive bids for electrical work at
the school district's two high schools. The invitation to bid notified all prospective bidders that the
project was subject to the prevailing wage act
(hereinafter the act), MCL 408.551 *et seq.*; MSA
17.256(1) *et seq.*[1] In September 1986, defendant
McNulty Electric, Inc., submitted a bid in which it
represented that it would pay the prevailing wage

* Circuit judge, sitting on the Court of Appeals by assignment.

[1] A federal district court has recently held that the act is preempted
in its entirety by the Employment Retirement Income Security Act of
1974, 29 USC 1001 *et seq.* See *Associated Builders & Contractors,
Saginaw Valley Area Chapter v Perry*, 869 F Supp 1239 (ED Mich,
1994). The case has been appealed to the Court of Appeals for the
Sixth Circuit. Until the question is resolved through the federal
appellate process, we will assume that the act remains good law.

and benefit rates as required by the act. Defendant John McNulty is president of McNulty Electric.

However, plaintiffs allege that defendants had previously worked out an agreement through which their workers accepted wages and benefits considerably below the prevailing rates. According to plaintiffs, because of this arrangement, defendants were able to underbid contractors who complied with the provisions of the act and, therefore, were awarded the contract.

In accordance with the act, the contract required defendants to pay their construction mechanics the prevailing wage and benefit rates for the area. However, plaintiffs maintain that defendants ordered their workers to misrepresent their hourly wages and benefits if questioned by Michigan Department of Labor (MDOL) representatives, union officials, or the Rochester Board of Education. Defendants allegedly coerced their workers into complying by threatening to fire them if they refused.

On May 20, 1988, plaintiff Raleigh S. Cornwall filed an employment wage complaint against defendants with the Bureau of Employment Standards of the MDOL. On August 4, 1988, Cornwall filed a prevailing wage complaint against defendants. Cornwall claimed that defendants failed to pay him the prevailing wage and benefits rates when he worked at the Rochester high schools. Other mechanics who had worked at the high schools filed similar complaints.

In response to these allegations, the MDOL conducted an investigation. During the initial stages of the investigation, Cornwall told a MDOL representative that he had not worked on the Rochester schools project. However, Cornwall later stated that he had worked on the projects and had told

the investigator otherwise because he was afraid of losing his job.

In the course of its investigation, the MDOL audited defendants' payroll records. In April 1990, the MDOL determined that defendants had not paid the prevailing wage and benefit rates to construction mechanics on the Rochester schools project and had therefore violated the act. The MDOL further determined that defendants owed Cornwall $39,187.22. Defendants contested the results of the MDOL's audit, alleging several errors, but the MDOL rejected defendants' requests that it revise its findings. Consequently, defendants refused to pay the audit amount. The MDOL referred the matter to the Oakland County Prosecutor's office, which declined to prosecute.

On May 9, 1991, plaintiffs filed this lawsuit. Plaintiff International Brotherhood of Electrical Workers, Local Union No. 58 is a labor organization consisting of electricians who were allegedly denied employment opportunities because of defendants' wrongful acts. In count I, plaintiffs alleged damages from defendants' violation of the act. In count II, the union alleged fraudulent misrepresentation. Defendants denied wrongdoing and claimed that the union has a longstanding animus against McNulty Electric because of its status as a nonunion shop.

On October 9, 1991, defendants moved for summary disposition pursuant to MCR 2.116(C)(8) and (10). The trial court held that the act does not afford individuals a private right of action and, therefore, granted defendants' motion with respect to Cornwall under MCR 2.116(C)(8). With respect to the union, the trial court concluded that it had not presented any evidence that defendants had violated the act and, therefore, granted defendants' motion pursuant to MCR 2.116(C)(10).

I

Plaintiffs first argue that the trial court erred in dismissing the union's claims pursuant to MCR 2.116(C)(10). On appeal, an order granting or denying summary disposition is reviewed de novo. A motion for summary disposition may be granted pursuant to MCR 2.116(C)(10) when, except with regard to the amount of damages, there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Giving the benefit of reasonable doubt to the non-movant, the trial court must determine whether a record might be developed that would leave open an issue upon which reasonable minds might differ. *Michigan Mutual Ins Co v Dowell,* 204 Mich App 81, 85-86; 514 NW2d 185 (1994).

When the trial court granted defendants' motion, it stated: "[W]hile the Union has stated a claim, they [sic] fail[ed] to come forward with any evidence to support its claim. Whereas, the Defendant presented evidence of compliance with the Act."

When a motion for summary disposition is filed pursuant to MCR 2.116(C)(10), the moving party must specify the issues for which it claims there is no genuine factual dispute. If the moving party's motion is properly supported, the opposing party must then respond with affidavits or other evidentiary materials that show the existence of a genuine issue for trial. If the opposing party does not so respond, MCR 2.116(G)(4) allows judgment to be entered against that party. *Skinner v Square D Co,* 445 Mich 153, 160; 516 NW2d 475 (1994). However, the party opposing a motion for summary disposition has no obligation to submit any affidavit until the moving party provides documentary evidence regarding a dispositive fact. *SSC Associates Ltd*

*Partnership v General Retirement System of the City of Detroit,* 192 Mich App 360, 364; 480 NW2d 275 (1991).

We agree with plaintiffs that the trial court erred in dismissing the union's claims pursuant to MCR 2.116(C)(10). Defendants have not identified specifically the issues for which they claim there is no factual dispute, nor have they submitted documentary evidence establishing the nonexistence of material facts. Rather, the evidence defendants submitted provided support only for the factual allegations in their brief in support of their motion for summary disposition and for their argument that the act does not provide for a private cause of action. In fact, there are several specific issues of material fact in dispute. First, there is an issue concerning whether defendants violated the act. In addition, the parties disagree over whether Cornwall actually worked as an electrician on the Rochester schools project. Furthermore, defendants challenge the accuracy of the MDOL audit findings.

Because defendants did not meet their burden of showing that no genuine issue of material fact exists, the trial court should not have granted defendants' motion for summary disposition. Contrary to the statement of the trial court, plaintiffs were under no obligation to submit affidavits in response to defendants' defective motion. *SSC Associates, supra* at 367.

II

Plaintiff Cornwall argues that the trial court erred in concluding that a violation of the act does not give rise to a private cause of action and, therefore, in dismissing his claim under MCR 2.116(C)(8). A motion for summary disposition

brought pursuant to MCR 2.116(C)(8) tests the legal sufficiency of the plaintiff's complaint and should be granted only if the claims are so clearly unenforceable as a matter of law that no factual development could possibly justify recovery. *Rogalski v Tavernier*, 208 Mich App 302, 304; 527 NW2d 73 (1995).

The act provides in pertinent part:

> Every contract executed between a contracting agent and a successful bidder as contractor and entered into pursuant to advertisement and invitation to bid for a state project which requires or involves the employment of construction mechanics, other than those subject to the jurisdiction of the state civil service commission, and which is sponsored or financed in whole or in part by the state shall contain an express term that the rates of wages and fringe benefits to be paid to each class of mechanics by the bidder and all of his subcontractors, shall be not less than the wage and fringe benefit rates prevailing in the locality in which the work is to be performed. [MCL 408.552; MSA 17.256(2).]

Under MCL 408.557; MSA 17.256(7), contractors who violate the act are guilty of a misdemeanor. In addition, MCL 508.556; MSA 17.256(6) provides that the contracting agent may terminate a violating contractor's right to proceed with the contract and hold the contractor liable for any costs associated with hiring another contractor to complete performance of the contract.

Statutory interpretation is a question of law that is reviewed de novo on appeal.[2] *Markillie v*

---

[2] Plaintiff Cornwall also argues that the decision of the trial court should be reversed because the trial court failed to make an adequate record of its reasoning when granting defendants' motion for summary disposition. However, because statutory interpretation and the grant of summary disposition are reviewed de novo on appeal, we see no purpose in remanding on that basis.

*Livingston Co Bd of Co Road Comm'rs,* 210 Mich App 16, 21; 532 NW2d 878 (1995). The primary goal of statutory interpretation is to give effect to the intent of the Legislature. In interpreting a statute, courts must assign words their ordinary, normally accepted meanings. Moreover, in determining legislative intent, courts should give statutory language a reasonable construction that best accomplishes the purpose of the statute. *Mino v McCarthy,* 209 Mich App 302, 304-305; 530 NW2d 779 (1995).

As a general rule, the remedies provided by statute for violation of a right having no common-law counterpart are exclusive. *Dudewicz v Norris Schmid, Inc,* 443 Mich 68, 78; 503 NW2d 645 (1993). However, an exception to this general rule provides that if the statutory remedy is plainly inadequate, a private cause of action can be inferred. *Forster v Delton School Dist,* 176 Mich App 582, 585; 440 NW2d 421 (1989).

Cornwall relies on this exception to support his claim that the statute allows a private cause of action. Specifically, Cornwall argues that the limited remedies provided under the act are insufficient to achieve the act's purpose of ensuring that workers on public construction projects receive wages equal to union scale. See *West Ottawa Public Schools v Director, Dep't of Labor,* 107 Mich App 237, 245; 309 NW2d 220 (1981). Cornwall points out that although the act mandates payment of statutorily mandated wages and benefits, without a private cause of action there is no means of ensuring that workers will receive appropriate wages and benefits.

However, this Court has held that because the act is in derogation of the common law and contains penal provisions, it must be strictly construed. *Muskegon Building & Construction Trades*

*v Muskegon Area Intermediate School Dist,* 130
Mich App 420, 437; 343 NW2d 579 (1983).[3] There is
no express provision in the act for a private cause
of action. In contrast, the Legislature explicitly
authorized a private cause of action in the Mini-
mum Wage Law. See MCL 408.393; MSA
17.255(13).

In 1973, a bill was introduced in the Legislature
that would have allowed a person employed by a
contractor that paid less than the stipulated rates
to bring a civil action to recover the difference. See
HB 5232. The Legislature did not pass this bill.

Given these factors, we cannot find that the
Legislature intended to establish a private cause of
action under the act. Rather, we believe that the
Legislature intended the remedies provided in the
statute to be exclusive. Although the statutory
remedies are not as comprehensive as plaintiffs
and our dissenting colleague would like, we cannot
conclude that the remedies are inadequate to ac-
complish the act's purpose. Accordingly, we hold
that there is no private cause of action to enforce
the act.

III

Plaintiffs also argue that the trial court erred in

[3] The dissent notes that this Court held in *Muskegon Building &
Construction Trades* that a circuit court has equity jurisdiction to
issue an injunction. In *Muskegon Building & Construction Trades,* the
plaintiff was a labor organization consisting of various craft and trade
unions. The plaintiff requested injunctive relief after discovering that
the defendant school district had solicited bids for a remodeling
project without including provisions for the payment of wages and
benefits at the prevailing rates in the specifications. *Muskegon Build-
ing & Construction Trades, supra* at 423. This Court affirmed the trial
court's grant of an injunction that enjoined the school district from
receiving bids and awarding contracts that did not require payment of
the prevailing wage rate and fringe benefits. *Id.* at 429-430. However,
we do not see how this Court's support for an injunction under the
facts of *Muskegon Building & Construction Trades* supports the
dissent's conclusion that there is a private cause of action under the
act.

dismissing the union's fraud claim. To show fraud or misrepresentation, a plaintiff must establish the following elements: (1) the defendant made a material misrepresentation; (2) it was false; (3) when it was made, the defendant either knew it was false or made it recklessly without knowledge of its truth or falsity; (4) the defendant made it with the intent that the plaintiff would act upon it; (5) the plaintiff acted in reliance on it; and (6) the plaintiff suffered damage. *Arim v General Motors Corp,* 206 Mich App 178, 195; 520 NW2d 695 (1994).

The union has not claimed that it acted in reliance on defendants' allegedly false statements. Rather, the union has asserted that defendants fraudulently told the Rochester Board of Education that they would comply with the act. According to the union, as a result of the misrepresentations its members were deprived of employment opportunities because defendants were awarded the contract on the Rochester schools project. An allegation of fraud based on misrepresentations made to a third party does not constitute a valid fraud claim.

IV

Plaintiffs argue that the trial court erred in dismissing their claims without giving them the opportunity to amend their pleadings. The rules pertaining to the amendment of pleadings are designed to facilitate amendment except where prejudice to the opposing party would result. Amendment is generally a matter of right rather than grace, and a motion to amend ordinarily should be denied only for particularized reasons. *Patillo v Equitable Life Assurance Society of the United States,* 199 Mich App 450, 456; 502 NW2d

696 (1993). The grant or denial of leave to amend a pleading is reviewed for an abuse of discretion. *Reed v Citizens Ins Co of America,* 198 Mich App 443, 450; 499 NW2d 22 (1993).

After the trial court granted defendants' motions for summary disposition, plaintiffs requested the opportunity to amend their pleadings in a motion for reconsideration. However, both in their motion below and in their arguments on appeal, plaintiffs did not indicate how they would amend the complaint. The trial court did not abuse its discretion in refusing to allow plaintiffs to amend their pleadings.

V

Finally, defendants argue that the trial court erred in denying their motion for summary disposition with respect to the union pursuant to MCR 2.116(C)(8). However, defendants did not file a cross appeal. Accordingly, this claim of error is not properly before this Court.

Affirmed in part, reversed in part, and remanded.

Markman, J., concurred.

L. M. Glazer, J. *(concurring in part and dissenting in part).* I concur with parts I, III, IV, and V of the majority opinion reversing the trial court's grant of summary disposition.

With regard to part II, I respectfully dissent.

This Court has already held that a private right of action does exist, at least in equity. In *Muskegon Building & Construction Trades v Muskegon Intermediate School Dist,* 130 Mich App 420, 430; 343 NW2d 579 (1983), this Court held that the members of the plaintiff union had sufficient prop-

erty rights that the circuit court could grant the union an injunction against the defendant's pending violation of the statute:

> [P]laintiff alleges that it can prove that, as a result of defendant's failure to comply with the prevailing wage act, its members were deprived of employment they would otherwise have enjoyed. Under these circumstances, the circuit court had equity jurisdiction to issue an injunction.

Moreover, *Dudewicz v Norris-Schmid, Inc*, 443 Mich 68; 503 NW2d 645 (1993), is a limited holding. In that case, an employee was fired for reporting to the police that he had been assaulted by a fellow employee. The trial court dismissed the plaintiff's claim under the Whistleblowers' Protection Act, MCL 15.361 *et seq.*; MSA 17.428(1) *et seq.*, and also dismissed his alternative "public policy" tort claim.

The Supreme Court reversed, holding that the plaintiff *did* state a claim under the Whistleblowers' Protection Act. This being the case, the Supreme Court went on to hold that where a plaintiff already has a remedy expressly conferred by statute, the Court will not recognize a tort claim based on "public policy.

In *Forster v Delton School Dist*, 176 Mich App 582, 585; 440 NW2d 421 (1989), this Court held:

> The campaign financing act does not allow for enforcement by private individuals. MCL 169.215; MSA 4.1703(15) provides an express remedy to enforce the duties imposed under the campaign financing act. The campaign financing act also provides for criminal penalties for knowing violation of the act. . . .
> . . . Since the act provides an adequate remedy to enforce its provisions, no private right of action can be inferred.

In both of the above-cited cases, the appellate court's focus was not upon the existence of a statutorily created right, but, rather, the existence of an adequate remedy to enforce the statutory right.

In the present case, Cornwall alleges that a contractor (a) fraudulently induced a public entity to engage his company, (b) underbid his competitors by violating the law, (c) intimidated his employees against blowing the whistle while the project was under construction, and (d) finished the project before the Rochester Board of Education received any allegations of chicanery—thus precluding the Board of Education from timely invoking MCL 508.556; MSA 17.256(6).

If there is no right of action in this situation, then the intended beneficiaries of the statute—the workers—have no means of timely seeking court enforcement of their rights without being fired. If ever a statutory remedy was plainly inadequate, this one is.

Therefore, I would infer that where it is alleged that a contractor has prevented his employees from timely informing the other contracting party of violations, thus depriving them of their only statutory remedy, a private right of action for damages exists.