GENERAL AVIATION, INC v CAPITAL REGION AIRPORT AUTHORITY
(ON REMAND)

Docket No. 192008. Submitted June 3, 1997, at Lansing. Decided July 25, 1997, at 9:25 A.M. Leave to appeal sought.

General Aviation, Inc., brought an action in the Clinton Circuit Court against Capital Region Airport Authority, alleging that the defendant offered better lease terms to other tenants and failed to enforce its rules and fees uniformly. The claims included claims of tort, breach of contract, and violation of the Aeronautics Code of the State of Michigan, MCL 259.1 *et seq.*; MSA 10.101 *et seq.* The court, Jeffrey L. Martlew, J., granted partial summary disposition for the defendant. The Court of Appeals denied the plaintiff leave to appeal in an unpublished order entered February 13, 1995 (Docket No. 181053). The Supreme Court, in lieu of granting leave to appeal, remanded the matter to the Court of Appeals for consideration as on leave granted and limited to certain issues raised in the plaintiff's application for leave to appeal to the Supreme Court. 450 Mich 991 (1996).

On remand, the Court of Appeals *held*:

1. The trial court properly dismissed the tort claims on the ground that they were barred by governmental immunity. The defendant is a governmental agency engaged in a governmental function. The operation of an airport by a governmental entity is a governmental, not a proprietary, function.

2. The language of § 7 of the airport authorities act, MCL 259.807; MSA 10.380(7), providing that airport authorities may "sue or be sued in any court of this state" is not an express waiver of governmental immunity.

3. The court properly dismissed the breach of contract claim. Even if the parties' lease was an attempt to create a duty on the defendant's part to apply its rules uniformly, the defendant had a preexisting duty under the Aeronautics Code to fairly and uniformly apply its regulations and charges relating to the operation, use, and leasing of the airport facilities. Therefore, the alleged pledge to undertake a preexisting statutory duty was not supported by adequate consideration.

4. There is no private cause of action for enforcement of the Aeronautics Code. The court properly found that the plaintiff was not entitled to sue for monetary damages on the basis of alleged Aeronautics Code violations. The plaintiff's remedies under the code are not plainly inadequate.

Affirmed.

1. GOVERNMENTAL IMMUNITY — GOVERNMENTAL FUNCTIONS — AIRPORTS.

The operation of an airport by a governmental entity is a governmental function for which the entity is entitled to immunity from tort liability (MCL 691.1407; MSA 3.996[107]).

2. GOVERNMENTAL IMMUNITY — AIRPORT AUTHORITIES ACT — WAIVER OF IMMUNITY.

The language in the airport authorities act providing that airport authorities may "sue or be sued in any court of this state" is not an express waiver of governmental immunity from tort liability applicable to an airport authority's operation of an airport (MCL 259.807; MSA 10.380[7]).

3. CONTRACTS — CONSIDERATION — PREEXISTING STATUTORY DUTIES.

A pledge to undertake a preexisting statutory duty does not provide adequate consideration for a contract containing the pledge.

4. ACTIONS — AERONAUTICS CODE — PRIVATE CAUSES OF ACTION.

There is no private cause of action available for the enforcement of the Aeronautics Code of the State of Michigan (MCL 259.1 *et seq.*; MSA 10.101 *et seq.*).

5. STATUTES — REMEDIES.

The remedies provided in a statute generally are exclusive where the statute creates a right or duty not found in the common law; additional remedies will be inferred only where those in the statute are plainly inadequate or the statute provides no adequate means of enforcement of its provisions.

*Fraser Trebilcock Davis & Foster, P.C.* (by *Michael E. Cavanaugh* and *Michelyn E. Pasteur*), for the plaintiff.

*McClelland & Anderson, L.L.P.* (by *Gregory L. McClelland* and *Melissa A. Hagen*), and *Larry A. Salstrom, P.C.* (by *Larry A. Salstrom*), for the defendant.

Before: CORRIGAN, C.J., and MICHAEL J. KELLY and HOEKSTRA, JJ.

MICHAEL J. KELLY, J. This case comes to us on remand from the Supreme Court pursuant to MCR 7.302(F)(1) for consideration as on leave granted. *General Aviation, Inc v Capital Region Airport Authority*, 450 Mich 991 (1996). Plaintiff appeals from an order granting partial summary disposition for defendant pursuant to MCR 2.116(C)(7) and (C)(10). We affirm.

Plaintiff leases space at defendant's airport to provide fixed-base operator services, which include supplying, fueling, and maintaining planes. Plaintiff sued defendant, alleging that defendant offered better lease terms to other tenants and failed to enforce its rules and fees uniformly. Plaintiff asserted several different theories of liability, including tort, breach of contract, and violation of the Aeronautics Code of the State of Michigan, MCL 259.1 *et seq.*; MSA 10.101 *et seq.* Plaintiff's tort claims essentially alleged that defendant breached duties under its own regulations and the Aeronautics Code. Plaintiff's contract claims alleged that defendant breached its duty under the terms of the lease to enforce its rules and fees in a uniform and consistent manner. The trial court granted defendant's motion for summary disposition with regard to most of plaintiff's claims, finding that (1) defendant was entitled to governmental immunity with regard to plaintiff's tort claims, (2) there was no genuine issue of material fact regarding plaintiff's contract claims, because the parties' lease did not create any rights in plaintiff beyond those set forth in

the Aeronautics Code, and (3) there was no genuine issue of material fact regarding plaintiff's claims for monetary damages under the Aeronautics Code, because the code did not provide a private' cause of action for damages.

Plaintiff first argues that the trial court erred in dismissing its tort claims against defendant on the ground that they were barred by governmental immunity. We disagree. Defendant is a governmental agency engaged in a governmental function and is thus generally entitled to immunity from tort liability. MCL 691.1407; MSA 3.996(107). Plaintiff contends that the proprietary function exception to governmental immunity applies in this case because operating an airport is a proprietary act, not a governmental function. See MCL 691.1413; MSA 3.996(113). In *Codd v Wayne Co*, 210 Mich App 133, 136-137; 537 NW2d 453 (1995), we found that operation of an airport by a governmental entity is not a proprietary function. Although we acknowledge that our previous decisions have reached conflicting conclusions regarding this issue, see *Johnson v Detroit Metropolitan Airport*, 133 Mich App 603, 608; 350 NW2d 295 (1984), Administrative Order No. 1996-4 requires us to follow the holding in *Codd*. Moreover, we believe that *Codd* is correct.

Plaintiff also argues that defendant is not immune from tort liability because defendant is a regional airport authority organized under the airport authorities act, MCL 259.801 *et seq.*; MSA 10.380(1) *et seq.*, which provides that airport authorities may "sue or be sued in any court of this state . . . ." MCL 259.807; MSA 10.380(7). Although there is federal support for interpreting such boilerplate language in enabling legisla-

tion as an express waiver of governmental immunity, see *Loeffler v Frank*, 486 US 549, 560-562; 108 S Ct 1965; 100 L Ed 2d 549 (1988), Michigan courts have upheld immunity for governmental entities established under enabling legislation containing "sue or be sued" language. See, e.g., *Randall v Delta Charter Twp*, 121 Mich App 26; 328 NW2d 562 (1982) (immunity recognized for township established under MCL 41.2; MSA 5.2, which contains "sue and be sued" language). Therefore, we do not read the "sue or be sued" language contained in the airport authorities act as having been inserted to constitute an express waiver of governmental immunity. Such a reading would have a Draconian effect on unrelated and long-established Michigan governmentally related legislation.

Next, plaintiff argues that the trial court erred in summarily disposing of its breach of contract claim, because it submitted evidence to establish that defendant violated its contractually assumed duty to apply its rules uniformly. Plaintiff advances that the following language from the parties' lease created a duty on the part of defendant:

> [Defendant] shall have the right to adopt and enforce reasonable, uniform and consistently applied ordinances, rules, regulations, standards, fees, charges and any amendments thereto with respect to the operation and use of Capital City Airport.

Even if this language could be interpreted as evidence of an attempt to create a duty on defendant's part, defendant owed a preexisting obligation under the Michigan Aeronautics Code to fairly and uniformly apply its regulations and charges relating to

the operation, use, and leasing of the airport facilities. MCL 259.133(e) and (g); MSA 10.233(e) and (g). A pledge to undertake a preexisting statutory duty is not supported by adequate consideration. *Alar v Mercy Memorial Hosp*, 208 Mich App 518, 525; 529 NW2d 318 (1995). Therefore, the trial court was correct in dismissing plaintiff's breach of contract claim.

Lastly, we disagree with plaintiff's contention that the trial court erred in concluding that no private cause of action for monetary damages is available for defendant's alleged breach of the Aeronautics Code. Generally, where a statute creates a right or duty not found in the common law, the remedies provided in the statute are exclusive. *Int'l Brotherhood of Electrical Workers, Local 58 v McNulty*, 214 Mich App 437, 445; 543 NW2d 25 (1995). This Court will infer additional remedies only if those in the statute are "plainly inadequate," *id.*, or where "the act provides no adequate means of enforcement of its provisions." *Forster v Delton School Dist*, 176 Mich App 582, 585; 440 NW2d 421 (1989).

The Michigan Aeronautics Code does not expressly provide a private cause of action for enforcement of its provisions. Instead, the Aeronautics Code specifically provides for enforcement of its provisions by the Aeronautics Commission and by other state, county, and municipal officers, including county prosecutors. The commission is to enforce the Aeronautics Code "by injunction in the circuit court." MCL 259.51(5); MSA 10.151(5). We do not find these remedies to be "plainly inadequate." See *McNulty, supra* at 445-446; *Forster, supra* at 585; *Bell v League Life Ins Co*, 149 Mich App 481, 482-485; 387 NW2d 154 (1986). Plaintiff may report the violations alleged in its com-

plaint to the Aeronautics Commission. Thus, plaintiff is not left without a remedy. *Bell, id.* at 485-486. We conclude that there is no private cause of action for enforcement of the Aeronautics Code. Therefore, the trial court properly held that plaintiff was not entitled to sue for monetary damages on the basis of alleged Aeronautics Code violations. While the trial court's reasoning differed from ours,[1] reversal is not necessary, because the trial court reached the right result, albeit for the wrong reason. *Glazer v Lamkin*, 201 Mich App 432, 437; 506 NW2d 570 (1993).

Affirmed.

---

[1] The trial court found that a private cause of action was available under the Aeronautics Code, but only for injunctive relief. Defendant did not appeal this finding.