SUGARMAN v. WAYNE CIRCUIT JUDGE.

1. Attorney and Client—Attorney May Not Represent Clients Whose Interests Are Adverse.

   An attorney for one party may not appear as attorney for another party whose interests are adverse to those of the first party.

2. Same—Attorney May Appear to Make Motion for Party Hostile to Client Where Beneficial to Both.

   For the purpose of making a motion to set aside a decree of foreclosure of a land contract on certain premises, an attorney may appear for the holder of the legal title although he represented the holder of the equitable title in litigation between them, where the granting of said motion would be beneficial to both parties.

Mandamus by Mark Sugarman to compel Ira W. Jayne, circuit judge of Wayne county, to set aside an order granting a motion to dismiss a motion to set aside a decree of foreclosure. Submitted May 21, 1924. (Calendar No. 31,014.) Writ granted June 2, 1924. Rehearing denied October 6, 1924.

*Joseph Sanders,* for plaintiff.

*Joseph B. Beckenstein,* for defendant.

Bird, J. Plaintiff seeks a writ of mandamus from this court to compel defendant as circuit judge of Wayne county to vacate and set aside a certain order dismissing a motion pending in his court.

1. It appears that one Nathan Cohen, in July, 1922, commenced an action in defendant's court, which had for its object the removal of a cloud from his title to certain real estate in the city of Detroit. Mark Sugarman and Ada Sugarman, his wife, Louis

Seldowitz and Minnie Vander were made defendants, and they, or some of them, were charged with a conspiracy to defraud plaintiff out of his said property. This case was tried by the Honorable Clyde I. Webster, sitting as circuit judge.   A decree was made, denying relief to Cohen and dismissing his bill.   It is said by counsel that that case is either in this court or now on its way to this court.   Joseph Sanders acted as attorney for Cohen in this suit.

2. Prior to the commencement of the Cohen case a decree was obtained by Minnie Vander against Mark Sugarman *et al.* in another case in the same court on the foreclosure of a land contract on the same property involved in the Cohen suit.   Joseph Sanders did not appear as attorney in this case.

3. After the Cohen case was decided adversely to him, Joseph Sanders, his attorney, filed a motion purporting to be made in behalf of Mark Sugarman, to set aside the decree in the Minnie Vander foreclosure case, on account of certain defects in the process, the contention being that the court had no jurisdiction to act therein.   This motion was based on an affidavit of Joseph Sanders, and he appeared specially for that purpose.   This motion was made by Sanders while he was yet acting for Cohen.

4. Counsel for Minnie Vander filed a motion to dismiss the foregoing motion on the ground that Joseph Sanders had no authority to appear as attorney in the motion for Mark Sugarman, because his interest was adverse to Cohen's.   This motion, upon hearing, was granted.   This order is the one which Mr. Sanders petitions this court to vacate and set aside.

Our understanding is that on the hearing of this motion objection was made to counsel Sanders appearing for Mark Sugarman while he was yet counsel for Cohen, because Sugarman's interest was adverse to

Cohen's.   If their interests were really adverse this would be a valid reason for dismissing the motion.

"It is the duty of an attorney, growing out of the relation between himself and his client, to devote all his skill and diligence to the interests of his client, he cannot act for the adverse party in the same suit, even though his motives are honest; and even after the relation is ended he cannot assume a position antagonistic to his former client's interest.   When, however, the parties are not adverse, or when the client's interests are not hostile to those of the other party, the attorney may act for both parties."   4 Cyc. p. 920.

We have examined the record with some care and are convinced that there has been much misrepresentation in court concerning the title to the property in question.   We are not persuaded, however, that Cohen's interest was so far adverse to Sugarman's in the motion to set aside the foreclosure decree that Sanders should be on that account prohibited from appearing as attorney for Sugarman.

The record in the two suits shows that both Cohen and Sugarman claimed the title to the premises, Cohen had the equitable title, and Sugarman the legal title. Sugarman mortgaged the premises by means of a land contract to Louis Seldowitz, and he, in turn, transferred it to Minnie Vander.   This contract being in default, was foreclosed by Minnie Vander, and a decree was made which would cut off the claimed interest of both Cohen and Sugarman.   Now, if the motion made by Sanders for Sugarman had succeeded it would have prolonged the day of grace for Cohen and extended the period that Sugarman would have been entitled to the possession of the premises.   So, however adverse the interests of Cohen and Sugarman might have been in the bill filed by Cohen, in this motion to set aside the foreclosure decree their interests were not adverse.   It is obvious that if the

foreclosure proceeding could be defeated or delayed, both Cohen and Sugarman would be benefited. When that was accomplished Cohen's and Sugarman's interest would at once become antagonistic again.

We think upon the record as it is presented to us that there was no such conflict of interest as would prohibit Mr. Sanders from appearing as attorney for Mr. Sugarman in the motion. For that reason we think the order dismissing the motion must be set aside, and the motion reinstated. When this opinion is called to the attention of defendant, if necessary, the writ may issue. No costs will be allowed.

CLARK, C. J., and MCDONALD, SHARPE, MOORE, STEERE, FELLOWS, and WIEST, JJ., concurred.