RADTKE v MILLER, CANFIELD, PADDOCK & STONE

Docket No. 162896. Submitted October 4, 1994, at Detroit. Decided April 3, 1995, at 10:10 A.M.

Jerald L. Radtke brought an action in the Wayne Circuit Court against Miller, Canfield, Paddock & Stone, seeking damages for the alleged legal malpractice of the defendant arising out of the representation of the plaintiff during the negotiations of his failed attempt to purchase a piece of property from Genterco, a partnership, and in his suit against Genterco as a result of the failed sale. When the plaintiff was unable to close the sale on the date set for closing, Genterco offered to amend the sales agreement and set a new closing date, seeking an additional nonrefundable deposit of $20,000, to be added to the $20,000 nonrefundable deposit that had been paid as part of the original sales agreement. The plaintiff consulted the defendant concerning the proposed amended agreement, indicating a desire that the language in the amended agreement that provided that he was satisfied with the marketability of the title be removed, because he was concerned whether a sewer easement ran across the property. Instead of requesting amendment of the agreement, the defendant sent Genterco a letter setting forth the plaintiff's concerns together with the check for the new deposit. When the plaintiff failed to close on the new closing date, Genterco canceled the sale and deemed the $40,000 in deposits to be forfeited. The plaintiff then started two actions with respect to the failed sale. In one, the plaintiff, represented by the defendant, sued Genterco for breach of contract and fraud, alleging that he was unable to close because Genterco had failed to provide him with information concerning the sewer easement. In the other action, the plaintiff, represented by other counsel, sued Michigan National Bank, alleging that the bank had failed to process his loan application in a timely manner. In response to the bank's request for admissions, the plaintiff gave answers that contra-

REFERENCES

Am Jur 2d, Depositions and Discovery §§ 338, 353.

What constitutes a "denial" within Federal Rule of Civil Procedure 36 and similar state statutes and rules pertaining to admissions before trial. 36 ALR2d 1192.

dicted his position in the Genterco action. The trial court in the Genterco action granted summary disposition for Genterco, but ordered, on equitable grounds, that Genterco return the $40,000 in deposits. Both the plaintiff and Genterco appealed. The Court of Appeals remanded to the circuit court for consideration of Genterco's motion for relief from the order requiring the return of the deposits. The motion had been based on newly discovered evidence: the answers to the request for admissions in the bank case. The circuit court, after considering those answers, found that only the original $20,000 deposit had to be returned. In its opinion following remand, the Court of Appeals, on the basis that there had been no objection at the hearing in the circuit court to the admission into evidence of the plaintiff's answers to the request for admissions, refused to consider whether the admissions were inadmissible under MCR 2.312(D)(2), affirmed the grant of summary disposition for Genterco, and held that Genterco was entitled to retain the whole $40,000. The plaintiff's claim of legal malpractice was premised on the defendant's failure to raise and preserve the question concerning the admissibility of the answers to the request for admissions, its failure to attempt to have the sales agreement modified by removing the language about satisfaction with marketable title, and its representation of a Genterco principal in another matter. On these pleaded facts, the court, Michael J. Callahan, J., granted summary disposition for the defendant, dismissing the plaintiff's malpractice action in its entirety. The plaintiff appealed.

The Court of Appeals *held:*

1. MCR 2.312(D)(2) provides that a matter admitted by a party in response to a request for admissions may not be used against the party in another proceeding.

2. Because MCR 2.312(D)(2) provides that a denial of a statement in a request for admissions must be specific and meet the substance of the request, the plaintiff's responses to the request for admissions, although denying the statements posited, are admissions for the purpose of the bar to the use of admissions in other proceedings contained in MCR 2.312(D)(2).

3. The bar of MCR 2.312(D)(2) to the use of admissions in other proceedings is not superseded by MRE 801(d)(2)(D), which provides only that statements of a party opponent are not subject to the hearsay rule, because the fact that a statement is not inadmissible as hearsay does not preclude it from being inadmissible for some other reason, such as being an admission given in response to a request for admissions.

4. The fact that there was no dispositive appellate ruling

concerning the applicability of MCR 2.312(D)(2) under these circumstances was not sufficient to relieve the defendant of its duty to object at the hearing in the circuit court to the use of the admissions. The pleadings are sufficient to establish that the failure to raise the objection before the circuit court was the result of inadvertence and, thus, legal malpractice. Accordingly, the trial court erred in granting summary disposition with respect to the claim based on the failure to raise properly the question of the applicability of MCR 2.312(D)(2).

5. Because the plaintiff was already in default at the time that Genterco made its offer to amend the sales agreement, and the plaintiff admits that the offer was a take-it-or-leave-it proposition, the defendant's decision not to seek formal modification of the amended agreement cannot be said to be legal malpractice. Counsel is not required to undertake a futile act.

6. The plaintiff has failed to show how the defendant's representation of a principal in Genterco in a completely unrelated matter breached any ethical or legal duty it owed to him or affected him adversely in any way.

7. Because the question whether the defendant's failure to object to use of the admissions constituted malpractice has not been litigated previously, the plaintiff is not estopped from pursuing the malpractice claim.

Affirmed in part, reversed in part, and remanded.

PRETRIAL PROCEDURE — REQUESTS FOR ADMISSIONS — ADMISSIONS — DENIALS — COURT RULES.

A detailed denial of a statement posited in a request for admissions is treated as an admission for the purpose of the rule restricting the use of an admission made in response to a request for admissions to the action in which the request is made and barring the use of such admission in any other proceedings (MCR 2.312[D][2]).

*Eric J. McCann, P.C.* (by *Eric J. McCann*), for the plaintiff.

*Kasiborski, Ronayne & Flaska* (by *John J. Ronayne*), for the defendant.

Before: MICHAEL J. KELLY, P.J., and W. P. CYNAR* and P. D. SCHAEFER,** JJ.

* Former Court of Appeals judge, sitting on the Court of Appeals by assignment pursuant to Administrative Order No. 1994-7.

Michael J. Kelly, P.J. This is an action for legal malpractice. Plaintiff appeals as of right a July 7, 1992, order of the circuit court granting defendant's motion for partial summary disposition with respect to one of plaintiff's claims and a January 29, 1993, order dismissing the remainder of plaintiff's claims. We affirm in part and reverse in part.

I

In July 1985, plaintiff entered into an agreement to purchase residential property in Grosse Pointe Farms from Genterco, a partnership. The purchase price was $450,000, with a deposit of $20,000 to be retained by Genterco as liquidated damages in the event of a default. Closing was set for September 6, 1985. At first, Genterco was not prepared to close on time, and the parties agreed to a rescheduled closing date of October 16, 1985. Then, plaintiff was unable to close on time, resulting in another extension until November 4, 1985. When plaintiff was again unable to meet the November closing date, Genterco presented him with a "Second Amendment to Contract for Sale of Real Estate." The amendment called for a closing on December 2, 1985, a $7,700 increase in the purchase price, and an additional deposit of $20,000. Again, Genterco was to retain the deposit as liquidated damages in the event of a default.

Upon receiving the amendment, plaintiff consulted with attorney Stephen Palms of defendant law firm. Palms advised plaintiff that the sales contract and amendment as written provided no "outs"—that is, plaintiff would lose his deposit if he did not close on time. Plaintiff also consulted with Palms about modifying a provision in the

** Circuit judge, sitting on the Court of Appeals by assignment.

amendment that stated that plaintiff was satisfied with the marketability of title. Plaintiff wanted to change this language because he was not certain of the location of a sewer easement, which was material to his plans to develop the property. To accommodate plaintiff's needs, Palms addressed the easement issue in a letter accompanying Genterco's proposed amendment. Palms did not redo or suggest change of the wording of the sales contract or amendment.

Plaintiff was unable to obtain financing by December 2, 1985. When he failed to close, his deposit, totaling $40,000, was forfeited.

Plaintiff subsequently initiated two lawsuits. First, he sued Genterco for breach of contract, fraud, and interference with economic relations. Defendant represented plaintiff in that action. Plaintiff alleged that he was unable to close on time because Genterco had failed to provide him with information that he had requested concerning the sewer easement.

Plaintiff's second suit was against Michigan National Bank, through which he had sought financing for the Genterco transaction. Defendant did not represent plaintiff in this action. Plaintiff alleged that he was unable to close on time because the bank had failed to process his loan application in a timely manner. In response to Michigan National Bank's request for admissions, plaintiff provided answers that contradicted his position in the Genterco litigation. Essentially, plaintiff stated that his failure to close was due to his inability to obtain financing and that his failure to receive the easement information was not an insurmountable obstacle to closing.

In 1987, summary disposition was granted in favor of Genterco in the first matter. However, the trial court ordered Genterco to return the $40,000

deposit on equitable principles. Both plaintiff and Genterco appealed that ruling. This Court, while retaining jurisdiction, remanded the case to the circuit court on the basis of newly discovered evidence, namely, plaintiff's admissions in the Michigan National Bank case. *Radtke v Genterco,* unpublished order of the Court of Appeals, decided February 28, 1989 (Docket No. 109712). On the basis of this new evidence and applying the same equitable principles, the circuit court ordered that $20,000 of the deposit be forfeited to Genterco. Although defendant, as counsel for plaintiff, had not raised the issue at the hearing in the circuit court, it argued on resubmission in the Court of Appeals following the remand that, under MCR 2.312(D)(2), plaintiff's admissions in the Michigan National Bank case should not have been considered as evidence in the Genterco case. Defendant maintained that the failure of either party to raise the issue was the result of sheer inadvertence and that refusal to review the issue would result in manifest injustice to plaintiff. Nonetheless, this Court declined to address the issue because it had not been preserved. Partially on the basis of the newly discovered evidence from the Michigan National Bank case, this Court concluded that the sole reason for plaintiff's inability to close on time was his failure to obtain financing and that Genterco was entitled to the entire $40,000 deposit. *Radtke v Genterco,* unpublished opinion per curiam of the Court of Appeals, decided August 1, 1990 (Docket Nos. 109712, 109764).

Plaintiff subsequently brought suit against defendant for legal malpractice. On July 7, 1992, summary disposition for defendant was granted with respect to the claim regarding the use of plaintiff's admissions from the Michigan National Bank litigation. On January 29, 1993, an order

was entered dismissing plaintiff's remaining claims. These orders were issued pursuant to MCR 2.116(C)(10).

II

A motion for summary disposition under MCR 2.116(C)(10) tests the factual basis of a claim. *Radtke v Everett,* 442 Mich 368, 374; 501 NW2d 155 (1993). Summary disposition is proper where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Id.* In reviewing a motion for summary disposition under MCR 2.116(C)(10), this Court considers the pleadings and any other evidence and construes such evidence in favor of the non-moving party to see whether an issue of fact exists upon which reasonable minds could differ. *Id.*

A claim of legal malpractice is grounded in professional negligence. A plaintiff in a legal malpractice action has the burden of proving the following: (1) the existence of an attorney-client relationship, (2) the acts that are alleged to have constituted the negligence, (3) that the negligence was the proximate cause of the alleged injury, and (4) the fact and extent of the alleged injury. *Teodorescu v Bushnell, Gage, Reizen & Byington (On Remand),* 201 Mich App 260, 264; 506 NW2d 275 (1993). A plaintiff proves negligence by showing that his attorney failed to exercise reasonable skill, care, discretion, and judgment in the conduct and management of his case. *Basic Food Industries, Inc v Grant,* 107 Mich App 685, 690; 310 NW2d 26 (1991), quoting *Eggleston v Boardman,* 37 Mich 14, 16 (1877). Factual causation is established by showing that, but for the attorney's negligence, the client would have prevailed in the underlying suit. *Charles Reinhart Co v Winiemko,* 444 Mich 579, 586; 513 NW2d 773 (1994). This

showing entails proving two cases within a single proceeding. *Id.* Factual causation is only one aspect of causation and is distinct from legal causation, which is often stated in terms of foreseeability. *Id.* at 586, n 13. Proximate causation is essentially an issue for the trier of fact to resolve. *Teodorescu, supra* at 266. However, to the extent that it involves questions of law—for example, whether an aborted appeal would have been successful—it is an issue reserved for the Court. *Charles Reinhart, supra* at 604.

### III

Plaintiff first argues that summary disposition was improper because defendant was negligent in failing to object to the introduction of plaintiff's admissions from the Michigan National Bank case. Defendant urges the inapplicability of MCR 2.312(D)(2). Although we acknowledge that plaintiff's malpractice claim would fail for lack of causation if MCR 2.312(D)(2) were inapplicable, we hold that MCR 2.312(D)(2) does apply and that plaintiff's responses to Michigan National Bank's request for admissions were inadmissible under that rule. This brings us to the contingent issue whether defendant's failure to object under MCR 2.312(D)(2) before the circuit court in the Genterco litigation constituted negligence sufficient to sustain a claim of legal malpractice, particularly where the viability of such an objection is addressed for the first time in the instant appeal. Under the circumstances of this case, we hold that plaintiff presented sufficient evidence of legal malpractice to avoid summary disposition.

### A

With respect to the applicability of MCR

2.312(D)(2), defendant argues that plaintiff's responses to Michigan National Bank's request for admissions went beyond the definition of "admission" for purposes of that court rule and, therefore, were not limited to the Michigan National Bank litigation.[1] We disagree.

MCR 2.312(D)(1) provides that a matter admitted in response to a request for admissions is established conclusively. However, MCR 2.312(D)(2) provides that "an admission made by a party under this rule is for the purpose of the pending action only and is not an admission for another purpose, nor may it be used against the party in another proceeding."

There are several ways a party can respond to a request for admissions. For example, a party can deny, admit, or object to the statement. MCR 2.312(B)(2) provides that if a party denies a statement, the denial must be specific and meet the substance of the request for admission. The rule therefore contemplates variation of language for the purpose of being specific.

In his responses to the request for admissions, plaintiff made several statements about the lack of information regarding the sewer easement and its effect on his ability to close on time. The most pertinent statements appeared in the responses to the following requests:

[Request 8.] The sewer easement located on the 70 Lakeshore Drive property runs parallel to Lakeshore Drive.

[Response 8.] Denied for the reason that allegations therein are not true. The sewer easement for which I expressed concern at 70 Lakeshore Drive runs through the property. *I have learned that my*

---

[1] Of course, defendant argued the opposite position before this Court in the appeal of the Genterco case after remand.

*concerns regarding the easement which ran through the property were unfounded. As of December 2, 1985, my expressed concerns over the sewer easement were used in an effort to secure more time for Michigan National Bank of Detroit.* While there was an active sewer which runs under Lakeshore Drive, this active sewer was known to me and of no concern to me. [Emphasis added.]

[Request 11.] Plaintiff's sole reason for not closing on the property located at 70 Lakeshore Drive was that he had not received all of the documents that he felt he was entitled to receive from the sellers of the property prior to the closing.

[Response 11.] Denied for the reason that allegations therein are not true. *I did not close on the 70 Lakeshore Drive property on December 2, 1985, because I did not have the funds to do so. Had the necessary funds or a commitment been provided by Michigan National Bank of Detroit on or before December 2, 1985, my concern for the easement could have been satisfied. As of December 2, 1985, I was using the request for further documents that I felt I was entitled to receive from the sellers prior to the closing, in an effort to secure more time to obtain the necessary funds.* [Emphasis added.]

[Request 12.] Plaintiff did not close the transaction for the purchase of the 70 Lakeshore Drive property on December 2, 1985 because he had not received a survey from the sellers which would have shown him where the sewer easement on the property was located.

[Response 12.] Denied for the reason that allegations therein are not true. Please refer to answer 11, above. *I did not consider the absence of a survey report to be an insurmountable obstacle to the closing on December 2, 1985 for the 70 Lakeshore Drive property.* [Emphasis added.]

[Request 13.] Plaintiff never had actual knowledge of the location of the sewer easement on the 70 Lakeshore Drive property prior to 8:00 P.M. on December 2, 1985.

[Response 13.] Admitted, that I did not have

"actual knowledge" of the location of the sewer easement on Lakeshore Drive, but I did know of its existence before December 2, 1985. *I did not consider this to be an insurmountable obstacle to closing at 8:00 P.M. on December 2, 1985.* [Emphasis added.]

Plaintiff's responses essentially took the form of denials followed by a detailed explanation. Defendant contends that because plaintiff's responses were "denials," not "admissions," they were not barred from consideration in the Genterco case under MCR 2.312(D)(2). We decline such a narrow reading of the rule.

The purpose of MCR 2.312 is " 'to limit areas of controversy and save time, energy, and expense which otherwise would be spent in proffering proof of matters properly subject to admission.' " *Janczyk v Davis,* 125 Mich App 683, 692; 337 NW2d 272 (1983), quoting *Fredericks v General Motors Corp,* 48 Mich App 580, 588; 211 NW2d 44 (1973) (discussing GCR 1963, 312.1, the predecessor of MCR 2.312). As previously noted, the rule contemplates detailed responses to help narrow the issues. In light of that purpose, there is no reason to deem a detailed denial of a statement different from an admission of a statement for purposes of determining whether the party should be bound by that statement in other litigation. We do not believe that a fair interpretation would penalize a party for giving clear answers to requests for admissions because the party's statements were made as part of a "denial" rather than an "admission."

We also reject defendant's argument that MRE 801(d)(2), concerning the admissibility of statements by party-opponents under the hearsay rule, nullifies MCR 2.312(D)(2). Defendant relies on *Shields v Reddo,* 432 Mich 761; 443 NW2d 145 (1989), for the proposition that as between the

Michigan Court Rules and the Michigan Rules of Evidence, the latter controls in the event of conflict. The *Shields* Court made no such blanket statement. Instead, it narrowly held that the history and wording of MCR 2.308(A)(1)(b), concerning the use of depositions, did not evidence on intent to create an exception to the rule against hearsay independent of MCR 801(d)(2)(D). Defendant has failed to present any argument regarding the history and wording of MCR 2.312. Our interpretation of the dissonance between MCR 2.312(D)(2) and MRE 801(d)(2) leads us to the conclusion that MCR 2.312(D)(2) applies. Whereas *Shields* addressed whether a court rule created an exception to the hearsay rule where the evidence at issue was already excluded as hearsay, this case concerns whether a court rule renders evidence inadmissible that is apparently admissible because it does not even qualify as hearsay under MRE 801(d)(2)—i.e., because it falls *outside* the scope of the hearsay rule.

B

Because the application of MCR 2.312(D)(2) to the facts of this case presents an issue of first impression, the question now before us is whether defendant may be deemed to have committed legal malpractice by failing to raise the issue previously in the circuit court. In considering this question, we are not to view defendant's actions with perfect hindsight. " '[T]he law does not require and never has required of a member of the profession that he should be a true Sir Oracle of what the courts have decided or will decide as the law applicable to every given state of facts.' " *Woodruff v Tomlin,* 616 F2d 924, 932 (CA 6, 1980), quoting *Hill v Mynatt,* 59 SW 163, 167 (Tenn Ch App, 1900).

Nonetheless, we, viewing the pleading and evidence in a light favorable to plaintiff, agree with his claim that defendant committed serious error in failing to raise MCR 2.312(D)(2) as a ground for objecting to the use as evidence of the admissions from the Michigan National Bank litigation.

Our holding is based on the special circumstances of this case. After the Genterco case was remanded for consideration of the newly discovered evidence from the Michigan National Bank case, defendant sought to minimize the danger presented by plaintiff's admissions by preparing an affidavit for plaintiff in which he attempted to harmonize his contradictory positions in the two separate actions. Yet, defendant acknowledges in its brief on appeal that the positions were "on their face conflicting" and that it should "not be faulted for attempting to make the best of a bad situation." Given the clear contradiction between plaintiff's positions in the two actions, the fact that this contradiction completely undermined plaintiff's claim against Genterco, and the presence of a viable alternative argument against use of the admissions under MCR 2.312(D)(2), defendant's response was obviously wide of the mark. We believe there is evidence of negligence in failing to move to exclude the responses altogether under MCR 2.312(D)(2). Defendant should not be excused as a matter of law simply because there was no controlling precedent and, therefore, it was not certain to prevail on the issue. MCR 2.312(D)(2) provided not only a plausible but, moreover, a strong argument in complete defense of Genterco's attempt to use plaintiff's admissions. In fact, according to the appellate brief in the Genterco case prepared by defendant for plaintiff after remand, defendant's failure to argue for exclusion under MCR 2.312(D)(2) was the result of inadvertence,

not strategic planning.[2] Having caught its own oversight, defendant saw fit to make MCR 2.312(D)(2) part of its strategy in this Court after remand, though the legal issue presented was no more settled at the time defendant presented its arguments in this Court than the issue had been when the defendant failed to raise the issue before the circuit court. At that point, defendant was too late; the issue was not preserved for appellate review.[3]

## IV

Defendant's failure to raise MCR 2.312(D)(2) is not the only act of malpractice alleged by plaintiff. We must also address plaintiff's contention that defendant was negligent in attempting to modify the second amendment of the sales contract by letter rather than by changing the document itself. Counsel wrote the letter in order to assert plaintiff's concerns about the location of the sewer easement on the property. We hold that dismissal of this malpractice claim was proper. Plaintiff conceded below that the second amendment was a nonnegotiable, "take-it-or-leave-it" proposition. Further, plaintiff was already in default, and Gen-

[2] Our consideration of defendant's contentions in the Genterco appeal is not inconsistent with our holding that MCR 2.312(D)(2) prohibited consideration in the Genterco case of plaintiff's statements from the Michigan National Bank case. First, MCR 2.312(D)(2) clearly does not apply to this appeal. Second, and more fundamentally, unlike the Genterco litigation, the issues in this appeal necessarily involve review of defendant's actions in the prior proceedings.

[3] This case presents the opposite position of that in *Charles Reinhart, supra.* There, it was noted that courts "do not punish the losing attorneys with ethical violations for failing to bring meritorious suits." *Id.* at 587, n 16. Courts should give deference to an attorney's decision not to pursue an appeal because it appears to be meritless. Yet, these comments were predicated on the observation that the defendant attorney in that case had "fulfilled his ethical obligations by determining the merits of the appeal." Evidently, no such determination was made here at the trial level concerning an objection under MCR 2.312(D)(2).

terco had another buyer, which deprived plaintiff of any bargaining power. Counsel was not required to undertake an exercise in futility.

Even if counsel had attempted to modify the contract terms directly, there is no evidence that modification would have prevented plaintiff's injury. It had been determined in the previous Genterco litigation that the sole cause of plaintiff's inability to close on time was his failure to obtain financing, not a lack of information regarding the sewer easement. Plaintiff may not challenge this determination collaterally now. See *Alterman v Provizer, Eisenberg, Lichtenstein & Pearlman, PC,* 195 Mich App 422; 491 NW2d 868 (1992). Although this determination was predicated on plaintiff's admissions in the Michigan National Bank suit, to which counsel should have objected, plaintiff may not reopen that litigation under this issue.[4]

V

Plaintiff further alleges malpractice on the basis of defendant's representation of Milton Cross, one of Genterco's principals, in an unrelated matter. Plaintiff contends where this representation created a conflict of interest under MRPC 1.7, which requires a lawyer to obtain client consent where the representation of one client is directly adverse to or may materially limit the lawyer's representation of another client. Although defendant notified plaintiff about its representation of Mr. Cross and sought plaintiff's consent—without conceding that it was required to do so under MRPC 1.7—plaintiff apparently never gave his consent. Nonetheless, we hold that plaintiff has failed to show how defendant's representation of Mr. Cross adversely affected him or violated any ethical rule, let alone

[4] See *infra,* n 6.

any legal duty to plaintiff. The reason for its representation of Cross and the issues involved in the Genterco case were completely unrelated. Further, there is no evidence that information was shared between the attorney who represented plaintiff and the attorney who represented Mr. Cross or that such sharing would have affected plaintiff adversely in the Genterco case. Under these circumstances, plaintiff's consent was not required before defendant assumed representation of Cross.[5] The record contains no other evidence that defendant breached a duty to plaintiff by representing Cross or that any alleged breach of duty caused plaintiff's injury. Dismissal of plaintiff's conflict-of-interest claim was proper. See *Sugarman v Wayne Circuit Judge,* 227 Mich 535; 198 NW 903 (1924).

## VI

Finally, plaintiff argues that his malpractice claims are not barred on grounds of collateral estoppel. We agree. The issue whether defendant committed malpractice by failing to object to the use of plaintiff's admissions or by attempting to reform the sales contract by letter was not litigated previously. Plaintiff is not estopped collaterally from pursuing those malpractice claims. See *Detroit v Qualls,* 434 Mich 340, 357; 454 NW2d 374 (1990). Further, to establish legal malpractice, plaintiff must show proximate causation by demonstrating that, but for his attorney's alleged mistake in the underlying action, the result would

---

[5] We also note that, although plaintiff contends that he objected to defendant's representation of Cross, he has failed to indicate by affidavit or other evidence that he actually disapproved, and not just failed to respond to, defendant's request for consent. In deciding defendant's motion for summary disposition, the trial court assumed that plaintiff did object. Our holding on plaintiff's conflict-of-interest claim is equally unaffected by plaintiff's alleged objection.

have been more favorable. This showing involves a case-within-a-case analysis. With respect to the claim that defendant negligently failed to object to the use of plaintiff's admissions from the Michigan National Bank litigation, the case-within-a-case approach necessarily involves reconsideration of the cause of plaintiff's inability to close the sale on time. This Court's determination of that issue in the Genterco case after remand is not binding because it rested on the admissions to which defendant failed to object, which failure is the very subject of inquiry in this malpractice action.[6]

The case-within-a-case approach also involves consideration of another critical issue in the Genterco case—i.e., assuming that Genterco's failure to provide the required easement information prevented plaintiff from closing on time, whether that failure constituted a breach of contract or legal duty to plaintiff. On remand, defendant may address this issue by motion or other fashion as the trial court deems appropriate.

Affirmed in part, reversed in part, and remanded for further proceedings consistent with this opinion.

---

[6] Our holding on this issue is not inconsistent with our holding under § IV that plaintiff is bound by the determination in the previous Genterco litigation regarding the sole cause of his inability to close on time. In § IV, we addressed defendant's failure to modify the second amendment of the sales contract. The issue of proximate causation involved an inquiry only with regard to whether, but for defendant's failure to modify the amendment directly, plaintiff would have received a refund of his deposit. All other variables, including defendant's failure to object under MCR 2.312(D)(2) and the subsequent determination regarding the reasons for plaintiff's inability to close on time, remained unchanged.