FANTE v STEPEK

Docket No. 177880. Submitted March 13, 1996, at Grand Rapids. Decided October 8, 1996, at 9:20 A.M.

Henry T. Fante brought an action in the Macomb Circuit Court against Daniel T. Stepek, alleging legal malpractice resulting from Stepek's representation of Fante with regard to criminal charges. Fante was convicted of the charges and sentenced to life in prison. Stepek's last day of service to Fante was the day that Fante was sentenced. On the day Fante was sentenced, he was confined in a county jail. The malpractice action was filed approximately 16½ years after Fante was sentenced and nearly ten years after Fante appeared before the parole board and allegedly learned that Stepek's legal advice had been faulty. The court, Mary A. Chrzanowski, J., granted summary disposition for Stepek, finding that the action was not timely. Fante appealed, alleging that he was under a legal disability, imprisonment, that tolled the running of the applicable period of limitation.

The Court of Appeals *held*:

1. A legal malpractice action accrues on the last day of the attorney's service to the client. The two-year period of limitation for legal malpractice actions begins to run from that date, and Fante failed to file his claim within that two-year period. Fante may not claim the disability of imprisonment from the date his cause of action accrued because that disability applied only if the claimant was incarcerated in a state prison, not a county jail, at the time the claim accrued.

2. Because imprisonment that occurs after the claim accrues may not be deemed a disability, the fact that Fante was in prison when he discovered his claim did not prevent the running of the six-month period following discovery of the claim within which to file the suit.

Affirmed.

NEFF, J., dissenting, stated that because Fante alleges that he did not and could not discover his claim until after he became disabled, i.e., imprisoned in a state prison, he is entitled to claim the grace of the discovery rule, MCL 600.5838(2); MSA 27A.5838(2). Fante is still disabled. The trial court erred in finding Fante's claim

time-barred. The trial court also erred in finding that Fante did not create an issue of fact with regard to whether, but for Stepek's representation, he would have received a better result. The circuit court's order should be reversed and the matter should be remanded.

1. LIMITATION OF ACTIONS — ACCRUAL OF ACTIONS — LEGAL MALPRACTICE.

   A legal malpractice claim accrues on the last day of the attorney's services to the client; the general period of limitation for a legal malpractice cause of action is two years from the date the claim accrues or six months after the client discovers or should have discovered the existence of the claim if the discovery occurs after the two-year limitation period has expired (MCL 600.5805[4], 600.5838[1],[2]; MSA 27A.5805[4], 27A.5838[1],[2]).

2. LIMITATION OF ACTIONS — DISABILITIES — IMPRISONMENT — LEGAL MALPRACTICE.

   1993 PA 283 eliminated imprisonment as a legal disability that would toll the running of a period of limitation for a cause of action; before the effective date of 1993 PA 283, April 1, 1994, imprisonment in a state prison, not a county jail, was required at the time a legal malpractice claim accrued before the claimant could claim such imprisonment as a disability to prevent the running of the period of limitation applicable to the action; regardless of the time the claimant discovered or otherwise learned of the claim, if the disability came into existence after the claim accrued it would not prevent the running of the period of limitation (MCL 600.5805[4], 600.5838[1],[2], 600.5851[3]; MSA 27A.5805[4], 27A.5838[1],[2], 27A.5851[3]).

Henry T. Fante, in propria persona.

Before: SAWYER, P.J., and NEFF and R. D. GOTHAM,* JJ.

R. D. GOTHAM, J. This case involves the interplay between several sections of our statutes regarding limitation of actions in the context of a legal malpractice claim filed against defense counsel in a criminal case. Plaintiff appeals as of right from an order of the

* Circuit judge, sitting on the Court of Appeals by assignment.

circuit court granting summary disposition to defendant. We affirm.

I

In early 1977, plaintiff was charged with armed robbery, breaking and entering, and two counts of first-degree criminal sexual conduct. Defendant was appointed to represent him. Before trial, the prosecutor offered a plea agreement to plaintiff. Under the agreement, the trial court would impose a maximum sentence not to exceed ten years in exchange for plaintiff's guilty plea with regard to one of the life offenses. Defendant advised plaintiff that if he did not accept the plea, the prosecutor would seek imposition of a life term in prison. Plaintiff rejected the plea offer and was convicted as charged at trial. On October 7, 1977, plaintiff was sentenced to life in prison. The sentencing hearing was defendant's last day of service to plaintiff.

This suit is based upon plaintiff's allegation that during the discussion of whether plaintiff should accept the plea bargain, defendant stated that regardless of whether he was sentenced to life, plaintiff would be eligible for parole in seven years and, at worst, he would serve no more than ten to twelve years. On July 17, 1984, plaintiff appeared before the parole board and learned, according to his claim, that parole was unlikely.

On March 28, 1994, plaintiff filed this lawsuit, approximately 16½ years after defendant's last service to him, and nearly ten years after he allegedly learned defendant's advice was faulty.

In reviewing a motion for summary disposition under MCR 2.116(C)(7), this Court accepts plaintiff's

well-pleaded allegations as true and construes them in plaintiff's favor. *Huron Tool & Engineering Co v Precision Consulting Services, Inc*, 209 Mich App 365, 376-377; 532 NW2d 541 (1995).

II

The general period of limitation for a legal malpractice cause of action is two years from the date the claim accrues. MCL 600.5805(4); MSA 27A.5805(4). However, another statute, MCL 600.5838(2); MSA 27A.5838(2), provides that an action may be commenced within six months after the plaintiff discovers or should have discovered the existence of the claim if such discovery occurs after the two-year limitation period.

A legal malpractice claim *accrues* on the last day of the attorney's service to the client, which in this case was the date of sentencing, October 7, 1977. MCL 600.5838(1); MSA 27A.5838(1). *Gebhardt v O'Rourke*, 444 Mich 535, 539; 510 NW2d 900 (1994).

Obviously, in this case plaintiff did not file suit within two years of his 1977 sentencing, nor within six months of his 1984 parole board hearing. Still, he claims that he was under a legal disability that tolled the running of the period of limitation.

Regarding plaintiff's claim of disability from the date his malpractice claim accrued, the last day of his attorney's representation in 1977, the matter is conclusively decided by a panel of this Court in *Mino v McCarthy*, 209 Mich App 302; 530 NW2d 779 (1995). Like the criminal defendant in the *Mino* case, plaintiff here was not incarcerated in prison, but was in a county jail at the time of sentencing. The *Mino* case

held that the disability of imprisonment formerly[1] provided by MCL 600.5851; MSA 27A.5851 was applicable only if the claimant was actually incarcerated in a state prison, not a county jail, at the time the claim accrued. Therefore, in this regard, the trial court did not err in granting summary disposition to defendant.

It may be argued that defendant's status of being in prison when the claim was discovered should constitute a disability that would prevent the running of the six-month period following discovery of the claim in which to file suit. We believe, however, that such an argument ignores the explicit language of the statutes.

Subsection 3 of the former § 5851 stated in pertinent part:

> To be deemed a disability . . . imprisonment must exist at the time the claim accrues. If the disability comes into existence after the claim has accrued, the disability shall not be recognized under this section for the purpose of modifying the period of limitations. [MCL 600.5851(3); MSA 27A.5851(3).]

The Legislature apparently found it appropriate to reinforce in the second sentence the point made in the first sentence of subsection 3: imprisonment shall not be deemed, considered, or recognized as a disability if the imprisonment comes into existence after the time the claim accrues. Accrual of the claim therefore has great legal significance.

The Legislature was equally definitive in establishing the time of accrual of a malpractice claim, and distinguishing it from the time of discovery of such a

---

[1] The Legislature, in 1993 PA 283, eliminated imprisonment as a disability altogether, but the former language of § 5851 is applicable to this case.

claim, in § 5838. Our Supreme Court has acknowl-
edged this specific intent of the legislation in *Geb-
hardt, supra* at 543:

> Clearly, the Legislature voiced its intent when it amended
> § 5838 in 1975, adding the words "regardless of the time the
> plaintiff discovers or otherwise has knowledge of the claim"
> to the end of the first part of the section. The Legislature
> intended that the last day of service be the *sole* basis for
> determination of accrual. [Emphasis supplied.]

The Legislature has clearly set forth the time of
accrual of a claim and has explicitly stated that
imprisonment occurring thereafter shall not be
deemed a disability. We must give effect to the plain
meaning of the statutory language "regardless of the
time the plaintiff discovers or otherwise has knowl-
edge of the claim." This is in accord not only with
time-honored policies of statutory interpretation, but
also with policies underlying the statute of limita-
tions. See *id.* at 546.

Because the period of limitation has long ago run
its course in this case, the trial court properly granted
defendant's motion for summary disposition.

Affirmed.

SAWYER, P.J., concurred.

NEFF, J. *(dissenting)*. I respectfully dissent and
would reverse and remand for further proceedings.

I

I agree with the recitation of facts in the majority
opinion except to add that when plaintiff went before
the parole board in July 1984, it was his first appear-
ance before the board and it was then that he was

first told that it was unlikely he would ever be paroled. Plaintiff filed the instant suit in March 1994.

II

Plaintiff first argues that the lower court erred in granting summary disposition to defendant on the basis of the statute of limitations. I agree.

In reviewing a motion for summary disposition under MCR 2.116(C)(7), this Court accepts the plaintiff's well-pleaded allegations as true and construes them in the plaintiff's favor. *Huron Tool & Engineering Co v Precision Consulting Services, Inc,* 209 Mich App 365, 376-377; 532 NW2d 541 (1995).

A

This case involves the application of the disability rule to both the running of the applicable limitation period and the discovery of plaintiff's cause of action. The period of limitation for a malpractice cause of action is two years. MCL 600.5805(4); MSA 27A.5805(4). The claim accrues on the last date of service, which in this case was the date of plaintiff's sentencing hearing. MCL 600.5838(1); MSA 27A.5838(1). The time of accrual may be tolled, however, when a statutory disability exists. MCL 600.5838(2); MSA 27A.5838(2), MCL 600.5851; MSA 27A.5851. Regardless of the running of the limitation period, a plaintiff may file suit six months after he discovered or should have discovered the claim. MCL 600.5838(2); MSA 27A.5838(2).

Under the statute as it existed in 1977 when plaintiff's cause of action accrued, imprisonment was a disability that tolled the running of the period of limitation. MCL 600.5851; MSA 27A.5851. Plaintiff was not

entitled to claim the benefit of statutory disability for purposes of tolling the accrual of his cause of action, however, because he was in jail, instead of prison, when his cause of action accrued. *Mino v McCarthy*, 209 Mich App 302; 530 NW2d 779 (1995).

During the applicable period, MCL 600.5851(3); MSA 27A.5851(3) provided that "[i]f [the disability] comes into existence after the claim has accrued it shall not be recognized under this section for the purpose of modifying the period of limitations." Subsection 5851(3) stands for the proposition that once the claim has accrued, the statutory period will not be tolled because of the disability. In other words, because plaintiff was not disabled (he was not in prison) at the time his cause of action accrued, the fact that he became disabled (he was sentenced to prison) shortly thereafter does not toll the running of the two-year statutory period. That conclusion, however, is not dispositive of the issue in this case; subsection 5851(3) does not control whether the statutory disability affects the discovery provision of the statute.

B

We must decide whether plaintiff can claim the benefit of the statutory disability in relation to the discovery of the claim in 1984, seven years after his claim accrued and ten years before he initiated this cause of action. That is, although the disability does not act to extend the two-year limitation period on the facts of this case, does it operate with regard to the discovery period and, if so, to what effect?

Here, by the time plaintiff discovered his claim, he was in prison and under statutory disability. In *Evans*

*v Hebert,* 203 Mich App 392, 395; 513 NW2d 164 (1994), this Court noted that the purpose of the disability statute is to recognize that prisoners' freedom and access to the judicial process have been impaired, entitling them to additional time to assert their legal rights. As plaintiff has alleged the facts, he could not have discovered his claim until the 1984 parole hearing, after his disability arose. I believe that under those circumstances, the benefit of the disability rule applies to the discovery rule in the same manner as to the accrual rule. The inability to gain access to the courts in order to save a limitation period from running is the same whether the issue is the accrual of the cause of action or the discovery of the claim. In other words, because plaintiff alleges that he did not and could not discover his claim until after he became disabled, he is entitled to claim the grace of the discovery rule.

Plaintiff is still disabled, and he brought this action within one year of the 1993 amendments of MCL 600.5851; MSA 27A.5851, see 1993 PA 78, 1993 PA 283. Accordingly, I conclude that the trial court erred in finding that plaintiff's claim was time-barred.

### III

The statute of limitations question, however, was not the only basis for the trial court's ruling. The court also determined that no factual situation would support a recovery by plaintiff in this case. MCR 2.116(I)(1). I would find this holding also to have been in error.

In order for plaintiff to prove that defendant's negligence caused him to serve a greater prison sentence, plaintiff must prove that, but for defendant's negli-

gence, he would have received a better result. See *Radtke v Miller, Canfield, Paddock & Stone*, 209 Mich App 606, 612; 532 NW2d 547 (1995), rev'd on other grounds 453 Mich 413; 551 NW2d 698 (1996). Here, although plaintiff acknowledges that defendant informed him he would receive a sentence of life in prison if he did not accept an offered plea bargain, he claims that defendant also informed him that, because he would be eligible for parole, he would ultimately serve no more than twelve years in prison. Plaintiff alleges that he relied on that advice in rejecting the plea offer. That alleged advice did not prove to be correct; he received a life sentence as predicted, but has not been paroled after nineteen years in prison and, according to his account, has been told that he probably will never be paroled. Accordingly, plaintiff did create an issue of fact with regard to whether, but for defendant's representation, he would have received a better result.

Accordingly, I would reverse the trial court's order granting summary disposition to defendant and remand for further proceedings. I express no opinion regarding the merits of plaintiff's claim against defendant.