*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

CHRISTOPHER BERNAICHE,

        Plaintiff-Appellant,

v

JOAN ELLERBUSCH MORGAN,

        Defendant-Appellee.

UNPUBLISHED
January 15, 2019

No. 341228
Wayne Circuit Court
LC No. 17-010097-NM

Before: BOONSTRA, P.J., and SAWYER and TUKEL, JJ.

PER CURIAM.

Plaintiff appeals by right the trial court's order granting summary disposition in favor of defendant, on statute of limitations grounds, in this legal malpractice action. We affirm.

## I. PERTINENT FACTS AND PROCEDURAL HISTORY

Plaintiff was convicted of first-degree murder in 2004 and sentenced to life in prison without parole. Plaintiff's parents retained defendant to represent plaintiff in state and federal appellate proceedings in 2008. Defendant's representation of plaintiff ended in 2013.

In December 2016, plaintiff's mother contacted plaintiff regarding whether defendant had been paid in full for her representation of plaintiff under a fee agreement signed by defendant and plaintiff's mother in 2008. Defendant responded that she believed she had been paid in full. Plaintiff viewed the fee agreement for the first time on January 10, 2017. He became convinced that defendant had not received full payment for her representation, and that therefore she had intentionally provided him with deficient representation in his state and federal post-judgment proceedings.

Plaintiff, acting in propria persona, filed this action in 2017, asserting legal malpractice and breach of contract. Plaintiff's complaint asserted that the statute of limitations did not bar his claim for legal malpractice because defendant had fraudulently concealed the existence of such a claim. Specifically, plaintiff alleged that defendant had concealed the fact that she had not been paid in full and asserted that she "must have withheld her effective service during her

representation of the Plaintiff, as she indicated in the contract she was reserving the right to do should she not receive payment in full."

Defendant responded by filing a motion to dismiss or in the alternative for summary disposition, asserting that plaintiff's legal malpractice claim was barred by the applicable statute of limitations, that plaintiff's breach of contract claim was really a claim for legal malpractice, and further that plaintiff had failed to state a claim on which relief could be granted. The motion was accompanied by a proof of service stating that defendant had electronically filed the motion and served it on plaintiff by first class mail. Defendant also filed a motion praecipe requesting that a hearing on her motion be placed on the trial court's motion calendar for September 15, 2017 at 9:00 a.m. The record indicates that the praecipe was filed on August 3, 2017. Although defendant asserts that the motion and praecipe were both served on plaintiff the day they were filed, the record contains no proof of service or other documentation confirming that plaintiff was served with a copy of the praecipe. No notice of hearing was ever filed.

A hearing on defendant's motion was held on the morning of September 15, 2017. Plaintiff, who was incarcerated, did not appear. The entire transcript of the hearing is as follows:

> THE COURT: Good morning. Name for the record.
>
> MS. MORGAN: I'm Joan Morgan the defendant and an attorney representing myself.
>
> It's my motion for summary disposition or to dismiss on the grounds that the statute of limitations has expired.
>
> I represented Mr. Bernaiche beginning in 2008 and our representation ended in 2013. He alleges that his - - his mother's correspondence to me earlier this year resuscitated the statute of limitations when she asked whether or not she owed me any more money, and I responded that I did not think she did.
>
> That was not representation of Mr. Bernaiche. It's been more than four years since I represented him. And on those grounds, I'm seeking dismissal or summary disposition of the case.
>
> THE COURT: All right. Case dismissed.
>
> MS. MORGAN: Thank you. [*Id*. at 3-4.]

Later that same day, plaintiff's response to defendant's motion, his counter-motion to strike defendant's motion to dismiss, and his motion to stay proceedings pending completion of discovery were docketed in the Wayne County Clerk's Office.

The trial court issued an order on September 20, 2017 granting defendant's motion "for the reasons stated on the record at the hearing." Plaintiff subsequently contacted the court several times by letter, stating that he had not received notice of the hearing and only learned of the hearing when he received a copy of the register of actions from the County Clerk's Office on September 26, 2017; he asserted his right to attend any such hearing.

On January 2, 2018, the trial court issued an opinion and order stating that plaintiff "has filed a Motion for Reconsideration pursuant to MCR 2.119(F) or in the alternative a Request for Information regarding the Court's order . . . ." The trial court indicated that it had reviewed the documents filed by plaintiff on September 15, 2017 before entering its order and that it "based its ruling solely on the parties' briefs." It further stated that "the court has reviewed the pleadings and the court has determined that there is no circumstance under which it would have reached a different result." The trial court declined to reconsider its previous order.

This appeal followed.

## II. DUE PROCESS

Plaintiff argues that he was denied due process of law when he was not given notice of or an opportunity to attend the hearing on defendant's motion, when the trial court allowed defendant to advance new arguments at the hearing without giving plaintiff an opportunity to respond, and when the trial court failed to make specific findings of fact in ruling on defendant's motion. We agree that plaintiff did not receive proper notice of the hearing and we will assume that he was denied a right to participate in the hearing,[1] but we find any error to be harmless. We disagree that defendant advanced new or expanded arguments at the hearing (which, as the transcript reflects, lasted approximately one minute) and that plaintiff was therefore prejudiced by his inability to respond. We also disagree that the trial court failed to make sufficient findings of fact.

We review de novo whether a party has been afforded due process of law. *Elba Twp v Gratiot Co Drain Comm'r*, 493 Mich 265, 277; 831 NW2d 204 (2013). A constitutional error

---

[1] Plaintiff asserts that as an incarcerated person he possessed a right to participate in the hearing by phone or videoconference, if not in person. MCR 2.004 provides such a right to incarcerated persons, but only in the context of "domestic relations actions involving minor children" and "other actions involving the custody, guardianship, neglect, or foster-care placement of minor children, or the termination of parental rights." MCR 2.402 more generally permits, but does not require, a trial court to "direct that communication equipment be used for a motion hearing" and provides that a party seeking the use of such communication equipment provide a written request to the trial court at least seven days before the hearing. Plaintiff's lack of notice of the September 15 hearing in effect denied him the right to seek the use of such equipment, but the rule does not on its face afford to him an affirmative right to have his request granted. In any event, and particularly because plaintiff was acting as his own attorney, we will assume, for purposes of this appeal, that he had a right to participate in the hearing in some fashion, if only to avoid the appearance of an *ex parte* communication between opposing counsel and the trial court. See *Grievance Adm'r v Lopatin,* 462 Mich. 235, 262–263; 612 NW2d 120 (2000), quoting Shaman, Lubet & Alfini, *Judicial Conduct and Ethics* (3d ed), § 501, pp 159) ("*Ex parte* communications deprive the absent party of the right to respond and be heard"). We need not determine the exact scope of any such right in this case, however, because we conclude that any violation of that right was harmless.

such as the denial of procedural due process requires reversal unless the error was harmless beyond a reasonable doubt. *People v Carines*, 460 Mich 750, 774; 597 NW2d 130 (1999).

No person may be deprived of life, liberty or property without due process of law. US Const, Am V; US Const, Am XIV; Const 1963, art 1, § 17; *Elba Twp*, 493 Mich at 288. Underlying this right of due process are the principles of fair play and fundamental fairness. *Reed v Reed*, 265 Mich App 131, 159; 693 NW2d 825 (2005). This concept is flexible and depends on the nature of the right affected, the risks involved, and the private and governmental interests that might be affected. *In re Contempt of Henry*, 282 Mich App 656, 669; 765 NW2d 44 (2009). However, due process generally requires notice and an opportunity to be heard before an impartial decisionmaker. *Hinky Dinky Supermarket, Inc, v Dep't of Community Health*, 261 Mich App 604, 606; 683 NW2d 759 (2004).

An oral hearing is not always necessary to provide a meaningful opportunity to be heard. *York v Civil Service Comm*, 263 Mich App 694, 702; 689 NW2d 533 (2004). A trial court may dispense with oral argument on contested motions in the exercise of its discretion. MCR 2.119(E)(3). Nor is the responding party generally required to attend a hearing on the moving party's motion. See MCR 2.119(4).

Nonetheless, due process requires that, if a hearing is to be held, "the notice given be reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Vicencio v Jamie Ramirez, MD, PC*, 211 Mich App 501, 504; 536 NW2d 280 (1995). To that end, our court rules require that, if a hearing is to be held, notice of that hearing must be served upon all parties. See MCR 2.107(A)(1), MCR 2.119(C). Service by mail is required at least 9 days before the hearing. MCR 2.119(C)(1).

The record does not contain evidence that a notice of hearing was ever filed, much less served upon plaintiff, with regard to defendant's motion to dismiss. The proof of service that accompanied defendant's motion only stated that the motion itself was served by mail. Although defendant points out that the date of the hearing appears on the praecipe, that document is only a *request* to schedule a hearing on that date; moreover, there is no evidence that the praecipe was ever served on plaintiff. The record also supports plaintiff's claim that he did not receive notice of the hearing until he was sent a copy of the register of actions of the case on September 26, 2017. We therefore conclude that no notice "reasonably calculated" to apprise plaintiff of the hearing date was given; therefore, plaintiff's right to due process was violated. *Vicencio*, 211 Mich App at 504.

Nonetheless we find the error harmless beyond a reasonable doubt. *Carines*, 460 Mich at 774. As stated, the hearing lasted approximately one minute. Although plaintiff claims that defendant advanced new or expanded arguments in her less-than-one-minute oration, our reading of the transcript reveals nothing more than a brief summary of the main argument of her motion—that plaintiff's case should be dismissed because her representation of plaintiff ended in 2013. And although plaintiff argues that the trial court orally ruled in defendant's favor without the benefit of his response, which he points out was docketed by the County Clerk several hours *after* the hearing, the trial court did not issue its order until five days after the hearing. Although the trial court did state "case dismissed" at the hearing, it is well settled that a court speaks

through its written orders, not through its oral pronouncements. *Contempt of Henry*, 282 Mich App at 678. Finally, the trial court also stated, in denying reconsideration[2], that it reviewed both parties' briefs before issuing its summary disposition order and that it based its decision solely on the briefs. The notice error was therefore harmless.

Plaintiff also argues that the trial court failed to make specific findings of fact in granting defendant's motion. In support of this argument, plaintiff cites MCR 2.504(B)(2) and MCR 2.517, which in certain circumstances require a trial court, in an action tried without a jury, to make findings of fact and conclusions of law. However, MCR 2.504(B)(2) and MCR 2.517 do not apply to the trial court's ruling in the case. MCR 2.504(B)(2) refers to a trial court's dismissal of a plaintiff's case "after the presentation of the plaintiff's evidence" in a bench trial. *Samuel D Begola Servs, Inc v Wild Bros*, 210 Mich App 636, 639; 534 NW2d 217 (1995). And MCR 2.517(4) provides that "[f]indings of fact and conclusions of law are unnecessary in decisions on motions unless findings are required by a particular rule." In this case, the trial court's order was entered before discovery and before trial, and defendant's motion argued almost exclusively that plaintiff's claim was barred by the applicable statute of limitations. The trial court's order is best viewed as an order granting summary disposition under MCR 2.116(C)(7). See *Maiden v Rozwood*, 461 Mich 109, 119; 597 NW2d 817 (1999). A trial court is not required to make findings of fact with regard to such an order, because the well-pleaded facts alleged in the complaint are taken as true unless contradicted. *Id*. And the trial court's statement that the motion was granted for the "reasons stated on the record" can only be taken to mean that the motion was granted for the reason that defendant's representation of plaintiff ended in 2013 and that the issue plaintiff raised regarding fraudulent concealment and the fee agreement was meritless. As discussed later in this opinion, we agree with that conclusion. The trial court's order was sufficient for appellate review and no due process violation occurred in this regard.

## III. MOTION TO STAY PROCEEDINGS

Plaintiff also argues that the trial court erred by not ruling on (and by in effect denying) his motion to stay proceedings before granting defendant's motion. We disagree. We review for an abuse of discretion a trial court's grant or denial of a motion to stay proceedings. *People v Bailey*, 169 Mich App 492, 499; 426 NW2d 755 (1988). A trial court abuses its discretion when

---

[2] No motion for reconsideration, as such, appears in the lower court record. Plaintiff points out the oddity of the trial court issuing an order denying his motion for reconsideration when he never filed such a motion. It appears to this Court that the trial court must have treated some or all of plaintiff's letters, which raised the issue of his lack of notice of the motion hearing, as a motion for reconsideration, although the trial court never explicitly stated so. In any event, even if the trial court erred by treating plaintiff's letters as a motion for reconsideration, the trial court has broad discretion to revisit its previous orders while the proceedings are still pending before it, whether or not it determines the original order to have been in error. See *Hill v City of Warren*, 276 Mich App 299, 307; 740 NW2d 706 (2007). There is therefore no reason to question the validity of the order denying reconsideration.

its decision falls outside the range of reasonable and principled outcomes. *Maldonado v Ford Motor Co*, 476 Mich 372, 388; 719 NW2d 809 (2006).

Plaintiff argues that the trial court erred by effectively denying his motion to stay proceedings pending discovery because defendant failed to support her motion with any documentary evidence or supporting affidavits and failed to identify the relevant grounds for dismissal under MCR 2.116(C), and because discovery would have supported plaintiff's contention that defendant fraudulently concealed the existence of a legal malpractice claim. We disagree.

Defendant indeed did not identify the particular court rule or subparagraph of MCR 2.116(C) that entitled her to summary disposition or dismissal of plaintiff's case. However, the body of her motion clearly sets forth, among other theories, her argument that plaintiff's claims were barred by the applicable statute of limitations for legal malpractice and that plaintiff's breach of contract claim was merely a repackaged malpractice claim. The motion was sufficient to provide plaintiff with ample notice of defendant's grounds for seeking summary disposition, see MCR 2.116(C)(7); the more specific identification of issues that is required for a motion under MCR 2.116(C)(10) was not required. See MCR 2.116(G)(4). Defendant's motion was not legally flawed for failure to expressly identify the subrule of MCR 2.116(C) on which it was based. Further, "a movant under MCR 2.116(C)(7) is not required to file supportive material," and a motion under MCR 2.116(C)(8) tests the "legal sufficiency of the complaint." *Maiden*, 461 Mich at 119. Therefore, defendant's assertions that plaintiff's claims were barred by the applicable statute of limitations and that plaintiff had failed to state a claim on which relief could be granted were not legally deficient for lack of supporting documentary evidence.

Discovery also would not have aided plaintiff in opposing defendant's motion. A party opposing a motion for summary disposition on the ground that discovery is not complete must provide some evidence that further discovery would provide factual support for his claims. See *VanVorous v Burmeister*, 262 Mich App 467, 477-478; 687 NW2d 132 (2004), overruled in part on other grounds by *Odom v Wayne Co*, 482 Mich 459, 473 n 33 (2008). Here, plaintiff asserts merely that further discovery would help to resolve the factual question of whether defendant had been paid in full. As discussed later in this opinion, however, that issue is not relevant to the application of the statute of limitations for legal malpractice. Further, the trial court was already required to take plaintiff's well-pleaded factual allegations as true, including the allegation that defendant had not been paid in full under the fee agreement. MCR 2116(C)(7); *Maiden*, 461 Mich at 119. The trial court did not abuse its discretion by failing to decide (or impliedly denying) plaintiff's motion to stay proceedings pending discovery. *Bailey*, 169 Mich App at 499.

## IV. STATUTE OF LIMITATIONS

Finally, plaintiff argues that the trial court erred by granting defendant's motion, because the statute of limitations for legal malpractice did not bar his claims. We disagree. We review de novo a trial court's grant of summary disposition. *Maiden*, 461 Mich at 119. In the absence of disputed issues of material fact, we review de novo as a question of law whether a cause of action is barred by the applicable statute of limitations. See *Trentadue v Buckler Lawn Sprinkler*, 479 Mich 378, 386; 738 NW2d 664 (2007).

MCR 2.116(C)(7) provides that summary disposition may be granted on the ground that "[e]ntry of judgment, dismissal of the action, or other relief is appropriate because of . . . statute of limitations." The general limitations period for a legal malpractice claim is two years from the date the claim accrues. MCL 600.5805(4). A legal malpractice claim accrues on the last day of the attorney's service to the client. MCL 600.5838(1); *Fante v Stepek*, 219 Mich App 319, 322; 556 NW2d 168. However, MCL 600.5838(2) permits a plaintiff to bring an action for legal malpractice after the two year limitation period has passed, provided the action is brought "within 6 months after the plaintiff discovers or should have discovered the existence of the claim." See also *Fante*, 219 Mich App at 322. This "six-month discovery rule" applies if the plaintiff commences an action for malpractice outside of the two-year limitations period but within six months of (1) discovering the cause of action or (2) when a reasonable person would have discovered the cause of action. MCL 600.5838(2); *Levinson v Trotsky*, 199 Mich App 110, 112; 500 NW2d 762 (1993).

MCL 500.5855 provides that in cases involving fraudulent concealment of a claim, an action may be commenced within two years after the plaintiff discovers or should have discovered the cause of action. *Brownell v Garber*, 199 Mich App 519, 523-524; 503 NW2d 81 (1993). Therefore, where there has been fraudulent concealment of a cause of action, the limitations period as extended by the discovery rule is further extended to two years after the plaintiff discovers or should have discovered the cause of action. The fraud must have been manifested by an affirmative act, misrepresentation, or breach of an affirmative duty to disclose information. *Id*. at 527. It is the plaintiff's burden to establish the alleged fraud. *Id*. at 531.

Here, the alleged breaches of duty by defendant that underlie plaintiff's legal malpractice claim occurred during her representation of plaintiff in state and federal post-conviction and appellate proceedings. Plaintiff's complaint asserts that defendant failed to file a motion for relief from judgment in the state court after she sought and obtained a stay of proceedings in plaintiff's federal habeas corpus action for the purpose of filing that motion. Plaintiff's complaint further asserts that defendant told plaintiff to file the motion himself, and that plaintiff was ultimately procedurally barred from raising potentially meritorious claims in the state court due to defendant's negligence.

Plaintiff's complaint itself makes it clear that plaintiff was aware of defendant's actions at the time of her representation. Attached to the complaint is correspondence between plaintiff and defendant discussing many of these issues, including the risk of "procedural default." Plaintiff was also aware that the federal court ultimately denied his claim for habeas relief in 2013, and admits that defendant's representation of him ended on July 30, 2013. Nonetheless, plaintiff asserts that his "discovery" of the alleged fact that defendant may not have been paid the full amount under the fee agreement is sufficient for him to invoke the "two-year discovery rule" of MCL 500.5855. We disagree. Taking all of plaintiff's well-pleaded facts as true, plaintiff has offered no support for the assertion that he did not discover and could not have discovered defendant's alleged legal malpractice within two years of July 30, 2013, or that defendant, by affirmative act, misrepresentation, or breach of duty to disclose concealed the existence of a claim for malpractice. Even assuming that defendant (1) was not paid all of the money due her under the fee agreement, (2) concealed that fact from plaintiff intentionally, and (3) intentionally provided plaintiff with deficient representation because she had not been fully paid (rather than merely withdrawing as his attorney or seeking full payment), these factors would only prove a

-7-

malicious *motive* on the part of defendant for her alleged legal malpractice. They say nothing about why plaintiff could not have discovered the existence of a claim for legal malpractice until he viewed the fee agreement, or about what actions defendant allegedly took to conceal the existence of such a claim. This is especially true light of plaintiff's own complaint and brief on appeal, both of which show that plaintiff was involved and aware of the status of his post-conviction proceedings and was specifically aware of the facts on which he rests his claim of legal malpractice. Plaintiff's fraudulent concealment argument is meritless.

The trial court therefore did not err by granting summary disposition in favor of defendant on plaintiff's legal malpractice claim, because such an order was appropriate under MCR 2.116(C)(7). *Maiden*, 461 Mich at 119. And, to the extent that plaintiff argues that his breach of contract claim is subject to the six-year limitations period found in MCL 600.5807(9), we agree with defendant that this claim is duplicative of the legal malpractice claim and is controlled by the same limitations period. *Brownell*, 199 Mich App at 526 (finding that a breach of contract claim was duplicative of a legal malpractice claim when the breach asserted was the failure to "exercise appropriate legal skill in providing representation") (citation omitted).

Affirmed. As the prevailing party, defendant may tax costs. MCR 7.219(A).


/s/ Mark T. Boonstra
/s/ David H. Sawyer
/s/ Jonathan Tukel